### 21219

Lou G. LOVETTE, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

(266 S. E. (2d) 782)

*Elliott T. Halio,* Charleston, *for appellant.*

*James C. Sanders,* Beaufort, *for respondent.*

May 6, 1980.

LEWIS, Chief Justice:

Respondent, Lou G. Lovette, Jr., brought this action against his liability insurance carrier, United States Fidelity and Guaranty Company (U.S.F.&G.), to recover under the "no-fault" provisions of his policy for medical expenses and loss of wages incurred as a result of an automobile accident. The defense of the action was predicated on the position that Lovette was excluded from any benefits under the policy by virtue of a policy endorsement, signed by Lovette and issued in accordance with statutory authorization, which excluded coverage while he was operating the vehicle in question. The loss was sustained while Lovette was operating the insured automobile. Both parties moved for summary judgment. The trial court granted judgment in favor of Lovette from which U.S.F.&G. appeals. We affirm.

The facts in this case are not in dispute. Prior to the automobile accident in question, Lovette surrendered his South Carolina driver's license to the State Highway Department and signed an endorsement to his liability policy of insurance entitled "Voiding Automobile Insurance While Named Person is Operating Car." The policy was in full force and effect in all respects at the time of the accident except that coverage was excluded by the endorsement.

The endorsement provides, in part, as follows:

In consideration of the continuation of this policy in force by the Company at the rate applicable because of this endorsement, it is hereby agreed that with respect to such in-

surance as is afforded under coverages *A, B, G, BPIP* the Company shall not be liable for damages, losses or claims arising out of the operation or use of the automobile described in the policy or any other automobile to which the terms of the policy are extended, whether or not such operation or use was with the express or implied permission of its owner, while said automobile is being driven or operated by the following named person:

> LOU GERHIG LOVETT, JR. (sic)
> DOB 5-12-57
> LIC No. 4765311

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Name of Person to be Excluded)

In all other respects this policy remains unchanged.

The Named Insured accepts this endorsement as witness his signature signifying his agreement.

> /S/ LOU G. LOVETT JR.
> (sic)
> /S/ (Named Insured)

The trial judge ruled that Lovette could not be excluded from coverages. We agree with his ruling and hold that the *named insured* is not one who may be excluded under the provisions of Code Section 56-11-250. This section provides:

Notwithstanding the definition of "insured" in Article 7 of Chapter 9, the *insurer* and any *named insured,* may by the terms of a written amendatory endorsement . . . agree that coverage under such a policy of liability insurance shall not apply while the motor vehicle is being operated by a natural person designated by name. The agreement, when signed by the *named insured* and the *person to be excluded,* . . . , shall be binding upon every insured to whom the policy applies. Provided, however, no such natural person shall be so excluded unless (1) the driver's license has been

turned into the State Highway Department or (2) an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded. (emphasis added).

This statute clearly contemplates an agreement between the *insurer* and the *named insured* that a designated natural person is to be excluded from coverage. As analyzed in 26 S. C. L. R. at page 726: "This will alleviate the problem often faced by the owner of a family policy, who, along with his wife, has a relatively safe driving record but is forced to pay higher premiums because another member of the family, such as a teenager with a bad driving record, is by definition also included in the policy coverage. The accident-prone member of the family can now be excluded from the policy, but only if (1) his license has been revoked and turned into the highway department or (2) an appropriate policy of insurance has been executed in his own name."

The correctness of this analysis is further reflected by the Second Report of the Committee to Make a Study and Investigation of Automobile Insurance Plans Including the No-Fault Automobile Insurance System. One of the Committee recommendations was legislation to permit the exclusion of named drivers from policies covering members of a household upon request by the purchaser, provided that safeguards were incorporated to prevent persons so excluded from driving without insurance or other proof of financial responsibility. The legislation proposed by the Committee comprises Section 56-11-250.

Were we to hold otherwise, absurdity would result. Respondent, the *named insured* in the present policy, is the only *insured* under the policy other than those included under Code Section 56-9-810(2). The exclusion of the named insured from coverage would effectively eliminate from the coverage those automatically included because of their relationship to the *named insured* and permissive users of the

*named insured.* This is true because of the simple and undeniable fact that the policy contains no *named insured* from whom permissive use could be derived. To whom would the policy apply after the named insured has been excluded? Insofar as meeting the statutory requirements for coverage as set forth in Section 56-9-810(2), the exclusion of the named insured is, in effect, a cancellation of the policy.

In our view, Section 56-11-250 was intended to allow a named insured (Owner) to obtain a lower premium rate if a member of his household has a bad driving record. Under Section 56-11-810(2), a relative who lives in the same household would automatically be covered whether the named insured gave his permission or not. This is the provision the General Assembly apparently wishes to alter by allowing an exclusion.

The foregoing interpretation of Section 56-11-250 is clearly indicated by the provisions that the exclusion is to be effected by an agreement between the *insurer* and the *named insured* to be signed by the *named insured* and the *person to be excluded.* The plain language indicates that persons other than the named insured were intended to be the subject of the exclusion.

Affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.