0644

DAR METAL WORKS, INC., Respondent v. SIR MACHINERY REPAIR, INC., and Sidney I. Rice, Appellants.

(342 S. E. (2d) 610)

Court of Appeals

*W. H. Bundy, Jr.*, Charleston, and *Thomas O. Berry, Jr.*, St. George, *for appellants.*

*John M. Bleecker, Jr.*, Charleston, and *Gene W. Dukes*, St. George, *for respondent.*

Heard Dec. 11, 1985.

Decided March 5, 1986.

*Per Curiam:*

This appeal arises from a dispute over the interpretation of an agreement entered into in settlement of a lawsuit. On October 21, 1983, appellant SIR Machinery Repair, Inc. (SIR) moved for an order requiring respondent DAR Metal Works, Inc. (DAR) to pay SIR's delinquent employee payroll taxes. SIR contended DAR agreed to pay the taxes in the settlement agreement. The trial court denied the motion and SIR appeals. We reverse.

The single issue presented on appeal is whether the trial

judge erred as a matter of law in refusing to enforce the settlement agreement.

On December 12, 1982, SIR purchased DAR's machine shop business. DAR retained a security interest in the shop's assets. Subsequently, in March of 1983, DAR brought a foreclosure action against SIR. SIR answered and counterclaimed, contending DAR had intercepted accounts receivable SIR purchased along with the business. On August 9, 1983, the parties settled. The basic agreement provided for DAR to pay 10,000.00 to SIR and reassume ownership of the business. At issue is a clause in the agreement, drafted by DAR, in which DAR agreed:

> To pay current employee payroll and to assume all employee payroll tax obligations to the South Carolina Tax Commission, South Carolina Employment Security Commission and Internal Revenue Service;

SIR contends the words "all employee payroll tax obligations" includes tax obligations delinquent at the time DAR resumed ownership and signed the agreement. DAR argues it had no notice of delinquent taxes and thus it would be inequitable for it to be ordered to pay the taxes. The trial court agreed and ruled for DAR. We disagree.

When the intention of the parties to a written agreement is at issue, a court must first look to the language of the agreement. If the agreement is unambiguous, the court must construe it according to the terms the parties chose. These terms are to be understood in their ordinary and popular sense. *Warner v. Weader*, 280 S. C. 81, 311 S. E. (2d) 78 (1983).

The agreement clearly provides DAR will assume "*all* (emphasis added) employee payroll tax obligations." Thus, the trial court had no authority to decide whether the agreement was fair. Because we hold the agreement is clear and must be enforced according to the plain meaning of its language, we reverse.

Reversed.