## 20152

John M. BLAKELEY, Jr., Respondent, v. W. T. RABON and Sandra B. Rabon, Individually and d/b/a Blakeley Brothers Furniture Company, Appellants.

(221 S. E. (2d) 767)

Messrs. *Connor & Connor,* of Kingstree, and *Rosen and Rosen,* of Georgetown, for *Appellants,*

*Messrs. Moore, Flowers & Doar,* of Georgetown, *for Respondent,*

January 21, 1976.

GREGORY, Justice:

This appeal involves construction of an indemnity clause incorporated in an agreement for sale of a partnership interest. The basic issue is whether the agreement is ambiguous, as urged by appellants, permitting the introduction of parole testimony to clarify its meaning. We find the agreement not ambiguous and affirm.

Respondent and his brother, Muldrow Blakeley, were sole partners in Blakeley Brothers Furniture Company. Muldrow died leaving his one-half interest to his wife, who subsequently sold it to her daughter, Sandra Rabon (one of appellants herein). On February 21, 1972 Sandra's husband, W. T. Rabon (appellant herein) purchased the other one-half of the business from the surviving brother, John Blakeley (respondent herein). The sale agreement contained the following indemnity clause in paragraph three:

"3. W. T. Rabon and Sandra B. Rabon, individually and doing business as Blakeley Brothers Furniture Company, *covenant and agree to indemnify and save harmless the said John M. Blakeley, Jr.,* his executors, heirs and assigns, *against any suit or claim of any kind whatsoever, including but not limited to income,* sales, property *and* inventory *taxes,* except that John M. Blakeley, Jr., shall be responsible

for the income taxes for his share of the profits from said business for the year 1971, brought or instituted against the said John M. Blakeley, Jr., his executors, heirs, and assigns, *as a result of his association with and ownership of Blakeley Brothers Furniture Company,* by any person or persons, organization, corporation or government, and to reimburse or make good any loss or damages or costs, including but not limited to attorneys fees and court costs, that the said John M. Blakeley, Jr., may have to pay if any suit or claim arises from his association with or ownership of Blakeley Brothers Furniture Company." (emphasis supplied)

After sale of his interest, respondent was assessed by the Internal Revenue Service Twenty-Three Thousand Seven Hundred Twenty-Seven and 22/100 ($23,727.22) Dollars in taxes for his share of partnership earnings from Blakeley Brothers Furniture Company (not including 1971). He borrowed the money and paid the assessment under protest. He then instituted this action against appellants to recover the $23,727.22 and interest, plus other sums spent in resisting the claim of the IRS pursuant to the above indemnity clause. It was stipulated before trial that the respondent had also paid the sum of Three Thousand Five Hundred Thirty-two and 14/100 ($3,532.14) Dollars to the South Carolina Tax Commission, and that his Complaint would be amended to include this. Only the taxes paid and interest thereon is at issue.

Appellants in their Answer alleged that the indemnity agreement was a commitment to safeguard respondent against partnership obligations as distinguished from personal obligations by reason of profits derived by him from the partnership. Appellants contend that the provision regarding income taxes in the indemnity clause refers to withholding taxes for the furniture salesmen employed by the partnership.

Appellants further set up a counterclaim in their Answer for Fifteen Thousand Dollars ($15,000.00) for an allegedly

unauthorized withdrawal by respondent on April 17, 1969 while he was a partner.

The action was tried before the Presiding Judge without a jury on January 30, 1975. The court took only evidence as to the ambiguity of the contract reserving all other questions until a decision was reached on whether or not the agreement in question could be construed. After hearing the testimony as to ambiguity the court ruled that the agreement was not ambiguous, and that the appellants were due the respondent the amounts paid by him for taxes on his partnership profits. The appellants did not waive their claim of offset of any obligation of the respondent for tax on personal income not reported or claim under the counterclaim pleaded in this matter, but were precluded under the court's ruling from offering evidence thereon. This was confirmed by written Order dated February 17, 1975. Notice of Intention to Appeal from this Order was served on February 24, 1975.

Appellant charges error in the trial judge's ruling ██ that the sale agreement was not ambiguous. To ascertain the intention of an instrument, resort is first to be had to its language, and if such is perfectly plain and capable of legal construction, such language determines the force and effect of the instrument. *Superior Auto Ins. Co. v. Maners,* 261 S. C. 257, 199 S. E. (2d) 719 (1973). Words cannot be read into a contract which impart intent wholly unexpressed when the contract was executed. *McPherson v. J. E. Sirrine & Co.,* 206 S. C. 183, 33 S. E. (2d) 501 (1945).

We must also interpret language used in its natural and ordinary sense, except with technical language or where the context requires another meaning. *Stewart v. Morris,* 84 S. C. 148, 65 S. E. 1044 (1909); *Heaton v. State Farm Mut. Auto Ins. Co.,* D. C., 278 F. Supp. 725; affirmed 398 F. (2d) 824 (4 Cir 1968).

The ordinary meaning of income tax is painfully commonplace. It means just what it says—tax on income. Appellants in the agreement agreed "to indemnify . . . John Blakeley . . . against any suit or claim . . . whatsoever, including but not limited to income . . . taxes" brought against him "as a result of his association with and ownership of Blakeley Brothers Furniture Company."

It was stipulated prior to trial that the IRS assessment was $23,727.22. It was admitted at trial that the assessment "came about by Blakeley Brothers." We think the language and meaning of the indemnity clause could hardly be clearer in binding the Rabons to indemnify respondent for the federal and state taxes paid by respondent.

The court's duty is to enforce the contract made by the parties regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully. *McPherson, supra.* If the Rabons intended that "income tax" refers to "withholding tax" they should have changed the provision to accord with their intention. Parties are governed by their outward expressions and the court is not at liberty to consider their secret intentions. *Kable v. Simmons,* 217 S. C. 161, 60 S. E. (2d) 79 (1950).

If the agreement were ambiguous, and we do not think that it is, appellants should not be heard to deny that they intended the words in their ordinary meaning when they were blameworthy in permitting the ambiguity. See *Julius Kayser & Co. v. Textron,* 228 F. (2d) 783 (4 Cir. 1956). The record reveals that appellants' attorney drew the initial sale agreement. Appellant W. T. Rabon testified that on the morning he executed the agreement he noticed paragraph three containing the indemnity provisions had been changed. He discussed the change with his attorney who was present. He signed the agreement having noted the alteration which is at issue and after having had benefit of his attorney's advice.

The discussion of the first assignment of error also controls the second. Appellant charges error in the trial judge's not allowing further testimony as to the amount of the tax assessments attributable to partnership obligations as opposed to personal income not reported. Appellant clearly agreed to pay both so such testimony would have been irrelevant.

■ There was no error in the trial judge precluding testimony on the counterclaim. The first paragraph of the sale agreement contained the following release:

"1. The said W. T. Rabon and Sandra B. Rabon shall own all assets and shall assume all liabilities of 'Blakeley Brothers' as shown on the statement of Financial Condition dated December 31, 1971, and to release John M. Blakeley, Jr., from any claims by them or Blakeley Brothers Furniture Company, and John M. Blakeley, Jr., agrees to release W. T. Rabon and Sandra B. Rabon and Blakeley Brothers Furniture Company from all claims which he may have against them."

If we accept appellants' own allegations in the Counterclaim, the unauthorized withdrawal took place April 17, 1969. As the claim existed prior to the sale agreement signed February 21, 1972, such claim was clearly released by the above paragraph.

■ As appellant does not set forth his Fourth Exception as one of the questions involved, nor argues it in his brief, we deem it abandoned. Supreme Court Rules, rule 8, subd. 2.—*Causey v. South Carolina Farm Bureau Mut. Fire Ins. Co.,* 240 S. C. 116, 124 S. E. (2d) 777 (1962).

Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.