In re The GRANDVIEW COMPANY,
INC., Debtor.

The GRANDVIEW COMPANY,
INC., Appellant,

v.

NEW FARMERS NATIONAL BANK,
Citizens Fidelity Bank and Trust Company, and Citizens Bank and Trust Company, Appellees.

Bankruptcy No. 18300394.
Adv. No. 1830004.

United States Bankruptcy Court,
W.D. Kentucky.

July 21, 1983.

John W. Ames, Louisville, Ky., Joe Lane Travis, Glasgow, Ky., for Grandview Co., Inc.

Henry H. Dickinson, Glasgow, Ky., for New Farmers National Bank.

Walter Winn Davis, Glasgow, Ky., for Citizens Bank & Trust of Glasgow.

H. Jefferson Herbert, Jr., Glasgow, Ky., for Citizens Fidelity Bank of Louisville.

## ORDER DENYING MOTION FOR STAY OF FURTHER PROCEEDINGS

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Time is of the essence in Chapter 11 proceedings, particularly in creditor attempts to escape the automatic stay against their collection efforts. Time is the commodity sought to be purchased by the motion at hand.

Specifically, the petitioner Grandview Company, Inc. moves for an order granting a stay of all bankruptcy proceedings while Grandview exercises its right of appeal from a final order of this Court on July 7, 1983, lifting the automatic stay imposed by 11 U.S.C. § 362. If we grant the motion, the practical effect will be to reimpose the automatic stay, and thus further forestall creditor efforts against the property in which they have an interest, pending the appeal.

In this case, the creditor New Farmers National Bank of Glasgow, joined by two others, filed a complaint on January 12, 1983, to lift the stay in order to foreclose on real estate which was mortgaged to the plaintiffs. Due to ongoing negotiations between the parties and representations by the debtor that a sale of the property was imminent, in which case the mortgagees would have been satisfied, we deferred ruling on the substance of the complaint for a significant period of time.

Complaints to lift the stay are entitled to expeditious treatment. Under earlier Bankruptcy Rule 401(d) we were required to advance such matters on the docket over all others except those of like kind. Under the new Interim Bankruptcy Rule 4001, the duty of urgency is made even more clear; the plaintiff in such cases now

has an entitlement to a decision on the merits within 30 days. The obvious reason for the rule is to prevent erosion of the value of the plaintiff's claim due to the passage of time.

Here we have had six months expire since the Chapter 11 petition was filed. There has been insubstantial progress by the debtor toward an arrangement for sale of the affected property, without adequate protection to these creditors in the interim period.

At the last scheduled hearing in this matter the debtor was to have been able to demonstrate a substantial agreement for disposition of the property. Instead, there was presented only information tending to show that the proposed purchaser had recently been granted tax-exempt status and was about to begin a fund-raising drive to finance acquisition of the property. Raising the necessary capital would have required many more months. For that principal reason the Court lifted the automatic stay.

For the same reason we must deny the motion for a stay of further proceedings in this Court. We never discourage appeals from the final orders of this Court, and even at times encourage them, but here the only reason for this motion is to buy further time without even the expense of a bond, on a matter which has been fully addressed and decided. Accordingly, the within motion to stay these proceedings pending the outcome of the appeal is DENIED.