## 22160

Lloyd W. GILSTRAP, Respondent, v. Joyce I. CULPEPPER and Franklin D. Culpepper, Defendants, of whom Joyce I. Culpepper is Appellant.

(320 S. E. (2d) 445)

Supreme Court

*James C. Alexander*, Greenville, *for appellant.*

*Ronald F. Barbare*, Greenville, *for respondent.*

Aug. 24, 1984.

CHANDLER, Justice:

This appeal is from an Order of the Trial Court granting Respondent Gilstrap a Judgment of Foreclosure and dismissing with prejudice Appellant Joyce I. Culpepper's Counterclaim for specific performance.

Appellant contends the Trial Judge erred in admitting parol evidence which resulted in an 8% interest rate being added to a written contract of sale of real estate when the contract made no reference to interest payments. We agree and reverse.

In equity actions tried by a Circuit Judge alone, without a reference, this Court's scope of review extends to the findings of fact in accordance with its own views of the preponderance of the evidence. *Townes Associates Ltd. v. The City of Greenville*, 266 S. C. 81, 86, 221 S. E. (2d) 773 (1976).

On September 2, 1970, Appellant and her husband, Defendant Frank Culpepper, entered into a Contract of Sale with the Respondent, a house builder and licensed realtor of 35 years experience, for the purchase of a house and lot for $8,000.00, to be paid in monthly installments of $65.00, which included taxes and insurance. The figure of $65.00 was subject to increases in taxes. In 1975 Respondent notified Appellant by letter of an increase in taxes and insurance, raising the monthly payment to $67.87, which Appellant paid thereafter.

The contract, prepared entirely by Respondent, made no reference whatever to an interest charge. According to Respondent, the failure to include an 8% annual interest charge was a clerical error of his secretary. According to Appellant, she was specifically advised by Respondent that the purchase price was $8,000.00, with no interest.

The contract provided further that, upon satisfaction by Respondent of a mortgage previously given by him to the VA, Respondent would deliver a deed to Mr. Culpepper and take a first mortgage for the balance owed at that time.

In September 1980, after Appellant had paid a total of $8,000.00, she discontinued payments and, through her attorney, requested a deed, which was refused.

On March 17, 1981, Respondent initiated this action in foreclosure against Appellant and Frank Culpepper, from

whom she was now divorced. Mr. Culpepper failed to answer or otherwise plead and was adjudged in default. He has since died. Appellant, by Answer and Counterclaim, alleged she had made all the payments due and requested specific performance by conveyance of a general warranty deed. Respondent's Reply denied all allegations of the Counterclaim.

The Trial Judge granted Judgment of Foreclosure and held that Respondent was entitled to interest at 8%, leaving a balance of $7,041.83 plus interest. Appellant's Counterclaim was dismissed with prejudice and the property ordered to be sold at public auction. Appellant appealed.

In his Order, the Trial Judge reasoned that parol evidence was admissible in the construction and interpretation of the contract upon the following finding of fact:

> (1) I find that the parol evidence is admissible in this case because the Contract is silent as to what interest rate, if any, was to be charged for the sale of the subject property by the Plaintiff to the Defendants because such testimony would in no way contradict or vary the written Contract which is the subject of this case.

The Trial Judge and both parties cite *Maxwell, et al. v. Standard Furniture Co., et al,* 127 S. C. 225, 120 S. E. 834 (1923), long recognized as authority on the admissibility of parol evidence. *Maxwell supra,* holds that when there is a question as to whether a writing contains the whole agreement of the parties, parol evidence is admissible, provided the evidence (1) addresses a point to which the writing is silent, *and* (2) does not in any way contradict or vary the writing.

Although we agree that the contract is silent as to an interest rate, we disagree that admitting testimony as to rate "... would in no way contradict or vary the written Contract ..." By the terms of the instrument as now drawn, Appellant has paid the purchase price. To include a provison for 8% interest would require Appellant to make payments for an additional 104 months, constituting an obvious variance.

The law in this State regarding the construction and interpretation of contracts is clear. The intention of the instrument is to be determined first from the language. Language which is perfectly clear determines the full force and effect of the document. Extrinsic evidence giving the

contract a different meaning from that indicated by its plain terms is inadmissible. *Superior Automobile Insurance Company v. Maners*, 261 S. C. 257, 263, 199 S. E. (2d) 719 (1973).

"Words cannot be read into a contract which impart intent wholly unexpressed when the contract was executed." *Blakeley v. Rabon*, 266 S. C. 68, 72, 221 S. E. (2d) 767 (1976); *McPherson v. J. E. Sirrine & Co., et al*, 206 S. C. 183, 204, 33 S. E. (2d) 501 (1945).

Courts are without authority to alter a contract by construction or to make new contracts for the parties.

Their duty is limited to the interpretation of the contract made by the parties themselves "... regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully." *Blakeley, supra*, 266 S. C. at p. 73, 221 S. E. (2d) 767; *McPherson, supra*, 206 S. C. at p. 206, 33 S. E. (2d) 501.

Applying the principles cited above to the contract entered into by Appellant and Respondent, it is clear that the admission of parol evidence was erroneous. The language in the contract is plain and unambiguous.

Parol evidence being inadmissible, it is not necessary to consider the testimony and exhibits introduced by the Respondent in support of his contention that the parties intended to include an 8% interest charge in the contract.

Appellant, having performed fully under the contract, is entitled to specific performance by delivery of a general warranty deed.

According, Judgment for the Respondent is reversed, and the case remanded for entry of Judgment for the Appellant on the Counterclaim.

LITTLEJOHN, C. J. and NESS, GREGORY and HARWELL, JJ., concur.