0940

T. Alexander BEARD, Appellant v.
RYDER/P-I-E NATIONWIDE, INC., Respondent.
(355 S. E. (2d) 872)

Court of Appeals

*Carl G. Ferguson*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for appellant.*

*W. Harold Arnold* and *David L. Moore, Jr.*, both of *Love, Thornton, Arnold & Thomason*, Greenville, *for respondent.*

Heard March 23, 1987.

Decided April 27, 1987.

CURETON, Judge:

T. Alexander Beard (Beard) commenced this suit against Ryder/P-I-E Nationwide, Inc. (Ryder) to terminate a lease. The circuit court granted Ryder's motion for summary judgment. Beard appeals. We reverse and remand.

The lease in question concerns property in Greenville County. It was entered into by the Wooten Corporation as lessor with the Great Southern Trucking Company as lessee on July 22, 1957. Ryder Systems, Inc., a Florida corporation of which Great Southern was a wholly-owned subsidiary, served as guarantor. The lease is for a term of twenty years, with two succeeding options to renew of ten years each. Paragraph 12 of the lease provides several occurrences upon which the lessor could declare the full rental price for the entire term immediately due and payable or declare the lease terminated, including:

> in the event the Tenant goes into voluntary or involuntary bankruptcy or receivership or makes a general assignment for the benefit of creditors or files or has filed against it a petition pursuant to any Federal or State law for the extension of its debts or for an arrangement or reorganization ... or in the event Tenant or Guarantor makes a partial or complete liquidation or disposition by corporate reorganization or otherwise of a substantial part of its assets....

The following facts were stipulated by the parties. In 1959 the lessee, Great Southern, changed its name to Ryder Truck Lines, Inc. under the laws of Florida [Ryder #1]. The Wooten Corporation received notice of this change. On August 2, 1965, Ryder Truck Lines and Ryder Tank Lines, Inc., a North Carolina corporation, merged into Hoover Motor Express, Inc., a Tennessee corporation. Hoover Motor Express, the

surviving corporation, changed its name to Ryder Truck Lines, Inc., a Tennessee corporation [Ryder #2]. Each of the corporations involved in this merger was a subsidiary of Ryder Systems, Inc. The Wooten Corporation was not informed and had no actual knowledge of this merger, although appropriate documents were filed with the Secretaries of State of Tennessee, Florida, and North Carolina.

On August 16, 1965, Ryder Systems, Inc. sold the stock of Ryder #2 to International Utilities, Inc. The Wooten Corporation received a letter stating that Ryder #2 had been sold. Ryder Truck Lines, Inc. (a Florida corporation) [Ryder #3] was incorporated by International Utilities on February 27, 1967. On June 30, 1969, Ryder #2 transferred the assets of its general commodities division, including the lease in question, to Ryder #3. Both Ryder #2 and Ryder #3 were subsidiaries of International Utilities. The stock of Ryder #2, consisting of the bulk commodities division, was sold on June 30, 1969, to Chemical Leaman Tank Lines, Inc. Chemical Leaman changed the name of Ryder #2 to Ryder Tank Line, Inc., and then liquidated Ryder #2. The Articles of Dissolution were filed with the State of Tennessee in August 1973. The Wooten Corporation was not informed and had no actual knowledge of the above transaction by Ryder #1, #2 or #3, or any of their related affiliates. There was no express agreement between the Wooten Corporation and Ryder #3 for the occupancy and use of the premises other than the disputed lease.

In 1972 Ryder #3 applied for authorization to transact business in South Carolina. In 1983 it merged with Pacific Intermountain Express Co. and the resulting entity is the present tenant and respondent, Ryder/P-I-E Nationwide (Ryder).

Beard acquired fee simple title to the property in May 1984 subject to the lease. He instituted this action on August 16, 1985, to terminate the lease for alleged breaches he asserts occurred while Wooten owned the property. Specifically, he alleged the present tenant, Ryder, is a new and different entity from the original tenant, Great Southern. He alleged the sale of the common carrier division of Ryder #2 to International Utilities was a partial liquidation or

disposition of a substantial part of its assets in breach of the lease; that the sale of all the stock of Ryder #2 to Chemical Leaman Tank Lines was a partial liquidation of a substantial part of its assets in breach of the lease; and that the complete liquidation and dissolution of Ryder #2 breached the lease and constituted a discontinuance of business in breach of the lease. Ryder argued that through various corporate mergers, stock transfers, and changes of names, it is a successor and/or an assign of the original lessee.

The parties filed cross-motions for summary judgment upon the stipulated facts set forth above. According to the trial court's order, the cross-motions were limited to the determination of "what effect corporate transactions occurring in 1969 which involved Ryder Truck Lines [Ryder #2], Ryder Truck Lines [Ryder #3], International Utilities, and Chemical Leaman Tank Lines, Inc., would have under Paragraph 12 of the lease originally entered into by the Wooten Corporation and the Great Southern Trucking Company in 1957."

The trial court found that forfeitures are not favored by courts and will not be enforced unless the right is found to be clear and conclusive. The judge found "[o]bviously when the default clause as a whole is taken into consideration and the individual terms of that clause are closely inspected, there was no intent on the part of the original parties to the lease to apply that clause to transactions other than those in which the financial and [sic] security or insolvency of the tenant has been manifested." The court found that Ryder was always financially capable of continuing the lease as demonstrated by the continuous timely payment of rent, taxes, insurance, and upkeep of the premises. It found Beard had failed to demonstrate a breach of the lease so substantial and fundamental as to defeat the very purpose of the lease, since none of the transactions on which the complaint is based concern a financial insecurity or insolvency. The court concluded that paragraph 12 had not been breached.

Beard argues that the sole issue before the court, as stated in the Case Statement on appeal, was the effect on his rights under paragraph 12 of the lease of "the liquidation and dissolution of Ryder Truck Line #2 after it was bought by Chemical Leaman." He claims that the origi-

nal tenant, Ryder #2, was liquidated, and this is an event of default entitling him to terminate the lease. He further claims the doctrines of substantial performance and materiality of the breach do not apply where the contract specifically provides for termination upon liquidation. We agree.

Ryder argues Beard incorrectly states that the trial court was limited to a consideration of the effect of the liquidation and dissolution of Ryder #2 and Beard's rights under paragraph 12 of the lease. As we have noted, this was the issue before the court as stated in the Case Statement. The parties are bound by the agreed Statement of Fact included in the Transcript of Record. *Patel v. Southern Brokers, Ltd.*, 277 S. C. 490, 289 S. E. (2d) 642 (1982). We find, nevertheless, that the issue of the liquidation of Ryder #2 was included within the 1969 corporate transactions which the trial judge purported to consider on the cross-motions for summary judgment.

Paragraph 12 of the lease unambiguously states that the lease may be terminated if the tenant or guarantor makes a partial or complete liquidation of a substantial part of its assets. We find no basis for the court's interpretation that the intent was to apply the default clause only in transactions where the financial insecurity or insolvency of the tenant had been manifested. Paragraph 12 of the lease mentions reorganization in two places, only one of which deals with insolvency. The second reference is in the disputed portion of the clause, discussing liquidation or disposition by corporate reorganization of a substantial part of its assets.

In construing and determining the effect of a written contract, the intention of the parties and the meaning are gathered from the contents of the writing itself, and when clear and unequivocal, its meaning must be determined by its contents alone, and a meaning cannot be given it other than that expressed. *McPherson v. J. E. Sirrine & Co.*, 206 S. C. 183, 33 S. E. (2d) 501 (1945). When it is perfectly plain and capable of legal construction, the language itself determines the full force and effect of the document. *Conner v. Alvarez*, 285 S. C. 97, 328 S. E. (2d) 334 (1985); *Gilstrap v. Culpepper*, 283 S. C. 83, 320 S. E. (2d) 445 (1984). Since the contract clearly and unequivocally provides for termination

upon liquidation, we find no need for construction beyond its literal meaning.

The trial court also noted forfeiture of provisions is to be strictly construed against the party invoking the forfeiture. In the court's opinion, Beard failed to demonstrate a breach of the lease which is so substantial and fundamental as to defeat the very purpose of the lease. The court's abhorrence of forfeitures does not permit it to substitute a contract for the one entered into or to make another contract for the parties after a forfeiture has been declared in the manner prescribed by the contract. *McPherson v. J. E. Sirrine & Co., supra.* The rights of the parties must be measured by the contract which they themselves made, regardless of its wisdom, apparent unreasonableness, or failure to guard their rights carefully. *Id.; Connor v. Alvarez, supra; Gilstrap v. Culpepper, supra.*

The stipulated facts clearly illustrate that Ryder #2, the corporate successor to Great Southern/Ryder #1, was liquidated in 1969 following its sale to Chemical Leaman, Inc.[1] Ryder #3 was a separate corporation, formed in 1967 by International Utilities, which had received the lease and some assets from Ryder #2. We find that applying the stipulated facts to the clear and unequivocal language of the contract, the court erred in ordering summary judgment for Ryder since the liquidation of Ryder #2 clearly breached paragraph 12 of the lease, allowing termination under the contract. We accordingly reverse the order of the lower court and remand for proceedings consistent with the foregoing views.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.

---

[1] Ryder/P-I-E Nationwide does not contend Ryder #2 was not liquidated.