**In re Wendell H. BLANTON, Debtor.**

**Wendell H. BLANTON, Appellant,**

**v.**

**FEDERAL LAND BANK, Appellee.**

Civ. A. No. 4:87–0498–2.

United States District Court,
D. South Carolina,
Florence Division.

April 28, 1987.

---

George G. Reaves, Reaves & Moore, Florence, S.C., for debtor.

Lawrence W. Johnson, Jr., Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford, P.A., Columbia, S.C., for Federal Land Bank.

## ORDER

HOUCK, District Judge.

This matter is before the court on the appeal of the debtor, Wendell H. Blanton, from the order of the Honorable J. Bratton Davis, Bankruptcy Judge, filed October 30, 1986, denying debtor's motion for a determination that he had substantially complied with the court's consent order of June 19, 1986. A hearing on the debtor's motion for a stay pending this appeal as well as argument on the merits of the appeal were heard on April 20, 1987. The motion for the stay was denied with the understanding that this court would expedite its review of said appeal.

Chapter 11 proceedings began in this case when the debtor filed a petition for reorganization on January 17, 1986. Debtor is a farmer and has remained in possession of the real property that is the subject of this appeal. On April 11, 1986, Federal Land Bank (FLB) filed a motion for adequate protection under 11 U.S.C. § 363(e) or, alternatively, for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Prior to a hearing on the matter, the parties reached an agreement as to adequate protection, which was set forth in a consent order issued by the bankruptcy court on June 19, 1986. The consent order provided, as follows:

> IT IS ORDERED that the automatic stay in this proceeding is hereby modified to allow the Debtor to retain any and all collateral under lien to FLB, based upon the Debtor providing the following to FLB as adequate protection: one payment of $3,000 on or before August 1, 1986, one payment of $3,000 on or before September 1, 1986, one payment of $3,000 on or before October 1, 1986, and one payment of $15,705.05 on or before December 1, 1986, should the Debtor not have a confirmed Chapter 11 Plan of Reorganization by that date. If the Debtor fails to make any one of the above said payments on or before their due date, FLB shall be entitled to an automatic lifting of the stay, without further act, notice, or order of this Court, to enforce its security interest and state law rights in any and all collateral securing its claim.

Timely payments were made for August and September, but the debtor was two days late in tendering payment for October. FLB refused tender of payment on October 3, 1986, and gave notice of its intention to proceed with foreclosure, as permitted under the terms of the consent order.

On October 14, 1986, debtor filed a motion in the bankruptcy court for an order determining that his tender of payment on October 3, 1986 constituted substantial compliance with the court's consent order. Judge Davis denied said motion at a hearing on October 24, 1986. Subsequently, in its written order denying the motion, filed on October 30, 1986, the court found that its order of June 19, 1986 was clear and that "[t]he tender of payment on October 3, 1986, is not compliance with a required

payment of October 1, 1986." It is from this order the debtor appeals.

The debtor argues that the bankruptcy court erred in holding that the tender of payment on October 3, 1986 was not substantial compliance with the agreement when there was no "time is of the essence" language included in the consent order. A consent order has many of the attributes of an ordinary contract and should be construed for enforcement purposes basically as a contract; accordingly, the instrument must be construed as it is written. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236–38, 95 S.Ct. 926, 934–35, 43 L.Ed.2d 148 (1975). A basic rule of construction is that words employed by the contract are to be given their usual and ordinary meaning; plain language is to be given its plain meaning. *Heaton v. State Farm Mutual Automobile Insurance Co.*, 278 F.Supp. 725, 727 (D.S.C.1968); *Blakely v. Rabon*, 266 S.C. 68, 72, 221 S.E.2d 767, 769 (1976). The unambiguous, plain meaning of the language contained in the June 19, 1986 consent order was that failure to make any one of the payments on or before its due date would result in an automatic lifting of the stay. The specific time for performance was clearly memorialized in the consent order, and it is uncontested that the debtor did not tender payment on or before the due date of October 1, 1986. Consequently, under the plain terms of the consent order, the stay against foreclosure was automatically lifted without further action by the bankruptcy court.

The debtor's argument essentially relies upon language that was missing from the consent order, viz., that there was no "time is of the essence" language. As with construing any other contract, it is also appropriate for the court to consider the circumstances surrounding the formation of the agreement. *United States v. ITT Continental*, 420 U.S. at 238, 95 S.Ct. at 935. In this case, the debtor filed for Chapter 11 relief and had remained in possession of the real property that secured the loan from FLB and also secured the lien of another creditor. The agreement was reached in response to FLB's motion for adequate protection of its collateral or for relief from the automatic stay. As the bankruptcy court described it in *In re Grandview Co., Inc.*, 34 B.R. 147, 147 (Bankr.W.D.Ky.1983), "[t]ime is of the essence in Chapter 11 proceedings, particularly in creditor attempts to escape the automatic stay against their collection efforts." In light of the urgency typical of most Chapter 11 proceedings and given the circumstances present in the instant case, the debtor's argument is simply not convincing. The significance of timely payments was obvious by the circumstances leading up to the consent order, the specific due dates, and, perhaps, most importantly, by the severe penalty for failing to meet those specified deadlines.

The terms of the June 19, 1986 consent order were clear and the debtor's late tender of payment on October 3, 1986 was not in compliance with its terms. The court has a duty to enforce the agreement reached by the parties and incorporated into its consent order. Accordingly, we affirm the bankruptcy court's order of October 30, 1986, denying debtor's motion.

AND IT IS SO ORDERED.