503 S.E.2d 189

**MIDLAND MUTUAL LIFE INSURANCE COMPANY, Respondent,**

v.

**Robert W. HARRELL, Appellant.**

**No. 2850.**

Court of Appeals of South Carolina.

Heard May 5, 1998.

Decided June 15, 1998.

Rehearing Denied Aug. 19, 1998.

Coming B. Gibbs, Jr., of Gibbs & Holmes, Charleston, for appellant.

Robert L. Widener, Robert W. Dibble, Jr., and Bernie W. Ellis, all of McNair Law Firm, Columbia, for respondent.

PER CURIAM.

Respondent Midland Mutual Life Insurance Company ("Midland") brought this action to foreclose on a mortgage of a shopping center owned by Robert W. Harrell. The trial court granted partial summary judgment to Midland on Harrell's affirmative defenses and counterclaims. We affirm.

### *FACTS*

On December 21, 1988, Southeast Mortgage Company loaned Harrell $2,200,000 evidenced by a promissory note and mortgage on the shopping center. On the same day, Southeast assigned the note, mortgage, and related loan documents to Midland.

In 1992, Midland brought a foreclosure action against Harrell. This matter was settled and resulted in Harrell executing the following documents: (1) first amendment to promissory note, (2) first amendment to mortgage, (3) assignment of rents and security agreement, (4) loan agreement, and (5) general releases. During the negotiations, the parties orally agreed that in the event Harrell's cash flow from the shopping center would not be enough to keep the mortgage current,

Midland would renegotiate, and the mortgage would not be found in default.

In 1994, Midland brought a second foreclosure action. Harrell subsequently agreed by letter to make certain payments and sign amended documents. The letter stated any future failure to pay entitled Midland to pursue any remedy provided in the mortgage or documents or otherwise. Moreover, Midland's acceptance of the negotiation terms did not waive any of its potential rights or remedies. The settlement resulted in Harrell signing the following documents: (1) first amendment to loan agreement, (2) second amendment to promissory note, (3) second amendment to mortgage, assignment of rents and security agreement, and (4) first amendment to assignment of rents and leases.

Subsequently, David Livingston, a principal tenant in the shopping center, filed for bankruptcy. Harrell informed Midland that because of Livingston's bankruptcy, the income from the shopping center would decline by $7500 per month. Therefore, Harrell told Midland that it would be necessary to renegotiate the note and mortgage. Midland refused and brought this action alleging default. Harrell filed an answer alleging the mortgage was not in default and alleging Midland breached its agreement to renegotiate the mortgage and note. Harrell alleged counterclaims of negligent misrepresentation, libel, and slander based on statements made by Midland to a real estate company that Harrell was insolvent and had defaulted on the his loan.

## DISCUSSION

■ Harrell argues the trial court erred in finding S.C.Code Ann. § 37–10–107 (Supp.1997) required any promise to modify and amend the note and mortgage to be in writing. However, we need not reach this issue because the trial judge also held, in the alternative, that the written documents signed by the parties in 1994 extinguished the 1992 oral agreement.

■ "Parties are governed by their outward expressions and the court is not at liberty to consider their secret intentions." *Blakeley v. Rabon*, 266 S.C. 68, 73, 221 S.E.2d 767, 769 (1976). Harrell admits the oral agreement was made in 1992. During the 1994 negotiations Harrell agreed, by letter, that any future failure to pay entitled Midland to pursue any

remedy provided in the mortgage or other documents or otherwise. The letter also states Midland's acceptance of the negotiation terms did not waive any of its rights or remedies. We therefore find the 1994 documents refute any contention the 1992 oral agreement was still in effect, and thus the trial judge properly granted summary judgment as to Harrell's affirmative defenses.

Harrell also argues the trial court erred in granting summary judgment on his libel and slander claims. He maintains these claims were not solely dependent on the enforceability of the oral agreement. The crux of Harrell's argument is that independent from the oral agreement, Midland did not allege how he was in default. Thus, he argues a genuine issue of material fact exists as to whether he was in default at the time Midland made its representations to the real estate company.

Midland pled in its complaint that Harrell was in default, but did not specify the event of default. In his answer, Harrell denied that he was in default on the mortgage. Midland then brought an action for summary judgment alleging that all of Harrell's counterclaims and affirmative defenses must fail. At the summary judgment hearing, Harrell argued only that he was not in default because of the 1992 oral agreement to negotiate the mortgage. Harrell failed to argue before the trial judge that he was not in default even absent the oral agreement. Nor did he come forward with any evidence to show that he was not in default on the loan.

Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact. With respect to an issue upon which the nonmoving party bears the burden of proof (in this case the libel and slander claims), this initial responsibility may be discharged by pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). The moving party need not support its motion with affidavits or other similar materials negating the opponents claim. *Id.*

Once the moving party carries its initial burden, the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, . . . must set forth specific

facts showing that there is a genuine issue for trial." Rule 56(e), SCRCP; *see also Id.* ("the opposing party must, under Rule 56(e), do more than simply show that there is some metaphysical doubt as to the material facts, but must come forward with specific facts showing that there is a *genuine issue for trial.*") Because Harrell did not come forward with evidence to show that he was not in default, thus creating a question of fact about the truth or falsity of Midland's statements, we find the trial judge properly granted summary judgment as to Harrell's counterclaims for libel and slander.

Accordingly, the decision of the trial judge is

**AFFIRMED.**

HEARN, ANDERSON, and STILWELL, JJ., concur.