THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 China Inn of Columbia,       
Respondent,
 
 
 

v.

 
 
 
Woon Ming Yip,       
Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-423
Submitted April 18, 2003  Filed 
 June 24, 2003

REVERSED

 
 
 
Gilbert Scott Bagnell, of Columbia, for Appellant.
Wai Man Ng, of Columbia, Pro Se.
 
 
 

PER CURIAM:    Woon Ming Yip appeals the 
 circuit courts order affirming the magistrates court judgment, which awarded 
 China Inn of Columbia $3,107.48 plus $35 court costs.  We reverse. [1] 
FACTS/PROCEDURAL BACKGROUND
Woon Ming Yip and Wai Ying Chiu Yip rented his 
 building to Kun Tai Ho and Wai Man Ng, who used it to operate their restaurant, 
 China Inn of Columbia.
Under the terms of the written Lease Agreement, Yip, as landlord, was responsible 
 for roof repairs and maintenance.  China Inn, as tenant, agreed to accept the 
 property as is and was obligated to keep all fixtures in good repair and maintain 
 an insurance policy on the premises with the Yips as beneficiaries.  The Lease 
 Agreement provides:
 8.                 
 IMPROVEMENT AND MAINTENANCE

 (a)             
 Landlords Repairs.  Landlord shall be responsible for all structural 
 repairs to the roof of the leased property including all repairs and maintenance 
 to the roof.
 (b)            Tenants 
 Repairs.  Tenants accepts [sic] the property as is and understands [sic] 
 that neither heating nor air conditioning are required to be provided.  Tenants 
 shall, at their own cost and expense:
 
 (1)            Keep 
 all fixtures in good repair and shall take good care of the Lease Property and 
 its fixtures and suffer no waste, reasonable wear and tear excepted.
 (2)            Tenants 
 shall repair and pay for any damage caused by them, the affirmative acts or 
 negligence of Tenants, or their employees, agents or invitees or caused by Tenants 
 default hereunder.
 
. . . .

 9.                 
 INSURANCE

 (a)             
 Exculpation of Landlord.  Landlord shall not be liable to Tenants for 
 any damage to Tenants or Tenants property from any cause.  Tenants waive all 
 claims against the Landlord for damage to person or property arising for any 
 reason, except that Landlord shall be liable to Tenants for damage to Tenants 
 resulting from the acts and omissions of Landlord or its authorized representatives.
 (b)            Public 
 Liability and Property Damage Insurance.  Tenants at their cost shall maintain 
 public liability and property damage insurance with a single combined liability 
 limit of Two Hundred Fifty Thousand Dollars ($250,000) and property damage limits 
 of not less than Sixty-Eight Thousand Dollars ($68,000) insuring against all 
 liability of Tenants and their authorized representatives arising out of and 
 in connection with Tenants use or occupancy of the premises.  All public liability 
 insurance and property damage insurance shall insure performance by Tenants 
 of the indemnity provisions herein.
 (c)             
 Tenants Fire Insurance.  Tenants, at their cost, shall maintain on all 
 their personal property, Tenants improvements, alterations, in, on, or about 
 the premises, a policy of standard fire and extended coverage insurance, with 
 vandalism and malicious mischief endorsements, to the extent of at least one 
 hundred percent of their full replacement value.  The proceeds from any such 
 policy shall be used by Tenants for the replacement of personal property or 
 the restoration of Tenants improvements or alterations.  Additionally, Tenants 
 shall maintain a policy of fire and extended coverage insurance with like endorsements 
 on the premises for full replacement value.  Woon Ming Yip and Wai Ying Chiu 
 Yip shall be named as beneficiaries on this premises policy.

After China Inn took occupancy, a water pipe burst.  
 Yip, thinking it was his responsibility, had the pipe fixed for $700.  China 
 Inn repaired the back flow device for the waterline for $1257.48.  Additionally, 
 an automobile ran into the building causing damage.  China Inn filed a claim 
 with their insurance company, who in return wrote a check to Yip for $3,700.25, 
 the estimate to repair the building less the $500 deductible.  Yip had the building 
 repaired.
China Inn commenced this action to recover the 
 cost of repairing the back flow device and the insurance money used to repair 
 the building.  Yip answered, denying he was responsible, and counterclaimed 
 for the cost of repairing the water pipe plus attorney fees for review of the 
 Lease Agreement.
At trial, the magistrates court denied the counterclaims 
 and awarded China Inn $3,142.48, comprising of $1257.48 for the back flow device 
 repair, $1850 as half of the $3,700.25 insurance proceeds, and $35 court costs.  
 Yip appealed to the circuit court.  The circuit court affirmed the judgment 
 of the magistrates court in a form order.
LAW/ANALYSIS
Yip contends the court erred in ruling the landlord 
 is responsible for the repairs and the tenant is entitled to half the insurance 
 proceeds.  We agree.
Where a contract has been reduced to writing and 
 a question arises as to the intention of the parties, the court must first look 
 to the language of the writing.  Blakeley v. Rabon, 266 S.C. 68, 72, 
 221 S.E.2d 767 (1976).  If the contract's language is clear and capable of legal 
 construction, the language alone determines the force and effect of the instrument.  
 Superior Auto Ins. Co. v. Maners, 261 S.C. 257, 199 S.E.2d 719 (1973); 
 McPherson v. J.E. Sirrine & Co., 206 S.C. 183, 33 S.E.2d 501 (1945).  
 If the contract is silent about a particular matter and ambiguity arises, parol 
 evidence may be admitted to ascertain the intent of the parties.  Columbia 
 East Assocs. v. Bi-Lo, Inc., 299 S.C. 515, 386 S.E.2d 259 (Ct. App. 1989).
Words employed by a contract are to be given their 
 usual and ordinary meaning, except where it appears they were used in a different 
 sense or have a technical meaning.  Martin v. Carolina Water Serv., Inc., 
 280 S.C. 235, 312 S.E.2d 556 (Ct. App. 1984).
Because the language of the lease is clear, we 
 can only look to it to establish the intent of the parties.  The lease provides 
 that Yip, as landlord, is accountable only for repair of the roof and China 
 Inn, as tenant, otherwise takes the property as is and is responsible for 
 keeping the fixtures in good repair.  China Inn was, therefore, liable for 
 repairing the water pipe and the back flow device as fixtures.
The lease required China Inn to maintain insurance 
 on the property and to name the Yips as beneficiaries.  The lease does not contain 
 any provision entitling China Inn to half the insurance proceeds.  The purpose 
 of the insurance was to pay for repairs in case of an accident.  Yip used the 
 insurance money for its intended purpose by paying for the repairs.  China Inn, 
 therefore, is not entitled to half the insurance proceeds.
CONCLUSION
The lower court erred in ruling that Yip was required to pay for the repairs 
 and China Inn was entitled to half the insurance proceeds.  Therefore, the decision 
 of the circuit court is
REVERSED.
CURETON, ANDERSON and HUFF, JJ., concur.

 
 
 [1] We decide this case without oral argument, pursuant to Rule 215, 
 SCACR.