19572

Marvin E. HOGAN, Administrator of the Estate of Roger E. Hogan, Respondent, v. HOME INSURANCE COMPANY, Appellant

(194 S. E. (2d) 890)

*Messrs. Haynsworth, Perry, Bryan, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Chapman & Lowery,* of Anderson, *for Respondent,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant, in Reply.*

February 26, 1973.

Lewis, Justice.

We held in *Willis v. Fidelity & Casualty Co. of N. Y.,* 253 S. C. 91, 169 S. E. (2d) 282, that a provision in an automobile liability policy excluding liabilty coverage to an insured while driving an automobile which is not described in the policy, but which is owned by the named insured or a member of the same household, was a valid policy provision and did not conflict with the requirements of the South Carolina Motor Vehicle Saftey Responsibility Act (Sections 46-750.31(2) and 46-750.32, Cumulative Supplement

to 1962 Code of Laws). Our decision was based upon the provisions of the Act relating to *liability insurance,* which required the prescribed coverage *only* as to liability arising from the ownership, maintenance or use of the vehicles described in the policy.

The question now presented in this case is whether an exclusionary clause such as was involved in Willis, may be made applicable to the uninsured motorist provisions of an automobile liability insurance policy, so as to legally exclude uninsured motorist coverage to insured while occupying an uninsured automobile owned by the named insured or a member of the same household.

Appellant, Home Insurance Company, issued a policy of automobile liability insurance to, Lila S. Hogan, as the named insured, with an uninsured motorist endorsement. The vehicle described in the policy was a 1962 Ford automobile. Roger E. Hogan, a son, and Steve Meroney, a nephew , of Lila S. Hogan, both 18 years of age resided in the household with Mrs. Hogan, the name insured.

On August 1, 1967 Roger E. Hogan was killed in a single car accident, while riding as a passenger in an uninsured 1967 Ford automobile, the title to which was in the name of Lila S. Hogan but actually owned by Steve Meroney who had made all of the purchase payments and exercised exclusive control over the vehicle.

As the result of an action for the wrongful death of Roger E. Hogan, judgment in the amount of $9,524.00 was entered against the estate of Steve Meroney who was also killed in the accident. Thereafter, respondent instituted this action to recover the judgment from appellant under the uninsured motorist provisions of the policy issued to Lila S. Hogan. Respondent asserted liability against appellant upon the ground that appellant's policy issued to Lila S. Hogan provided uninsured motorist coverage to respondent as a resident member of the named insured's household. Appel-

lant denied liability, relying upon the following exclusionary clause in the uninsured motorist endorsement of the policy:

This endorsement does not apply:

(b) to bodily injury to an uninsured while occupying an automobile (other than an insured automobile) owned by the named insured or any relative resident in the same household.

It is conceded that, but for the quoted provision, the policy in question afforded uninsured motorist coverage to respondent.

The lower court entered judgment against appellant, holding that the foregoing exclusionary clause was in conflict with the statutory provisions requiring the uninsured motorist endorsement and, therefore, ineffective to deprive respondent of uninsured motorist coverage. This appeal is from the judgment so entered.

The question then to be decided is whether the quoted clause is in conflict with the statutory provisions governing uninsured motorist coverage. If the provision excluding coverage is in conflict with the requirements of the statute, of course, the statute controls the rights of the parties.

Every automobile liability insurance policy issued in this State must contain an uninsured motorist endorsement providing uninsured motorist coverage to the insured in addition to the liability insurance contract. The requirement and the extent of the obligation is set forth in Section 46- 750.33 of the Code Supplement as follows:

"No such policy or contract shall be issued or delivered unless it contains a provision by endorsement or otherwise, herein referred to as the uninsured motorist provision, undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of Section 46-750.32."

The term "insured," under both liability and uninsured motorist coverage is defined in Section 46-750.31 (2) Code Supplement:

"(2) The term 'insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above."

The language of Section 46-750.31(2) is plain and unambiguous. As pointed out in *Davidson v. Eastern Fire & Casualty Insurance Co.,* 245 S. C. 472, 141 S. E. (2d) 135, the foregoing definition, as applied to uninsured motorist coverage, refers to two classes of insureds with different coverage to each: (1) The named insured, his spouse and his or her relatives resident in the same household, "while in a motor vehicle or otherwise"; and (2) any permissive user or guest when occupying the insured motor vehicle. The members of the first class are covered at all times without reference to the use of the insured vehicle; while the members of the second are covered only while using, or a guest in, "[the] motor vehicle to which the policy applies."

Again, in *Willis, supra,* in discussing the nature and extent of the uninsured motorist coverage under the statute, we stated:

"This definition of 'insured,' which had formerly been applicable only to uninsured motorist coverage (Sec. 46-750.11(2), Code of (1962), was made applicable to liability coverage by Act No. 312 of 1963 . . . In the original formulation of this definition, the use of the words 'while in a motor vehicle or otherwise' was appropriate, although probably unnecessary, to emphasize the legislative intention that the named insured, his spouse and his or her relatives residing in the same household should have the benefit of uninsured motorist coverage at all times, as distinguished from per-

missive users or guests who should be covered only when occupying the insured automobile . . . This obligation of the insurer is to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. It arises without regard to, the activity in which the insured was engaged when injured by the negligence of an uninsured motorist, whether as a motorist, pedestrian, laborer or otherwise. This results from the nature of the insurer's obligation with respect to uninsured motorist coverage, rather than from the use of the words 'or otherwise' in the definition of the term insured."

Willis clearly points to the distinction between *liability* and *uninsured motorist* coverage. The liability contract is only required to insure "the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of" the motor vehicle described in the policy; while uninsured motorist coverage obligates the insurer to pay all sums which the insured "shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Uninsured motorist coverage is not to provide coverage for the uninsured vehicle but to afford additional protection to an insured. Unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time. Such coverage is nowhere limited in the statute to the use of the insured vehicle, and cannot be so limited by the policy provisions.

The present policy provision which excludes resident relatives of the named insured from uninsured motorist coverage except when occupying the vehicle described in the policy is clearly a limitation upon the broad coverage required by the statute and is, therefore, void.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.