## 20149

David D. WILLIAMS and Miga Williams, Respondents, v. TERAN, INC., *et al.*, Defendants, of whom Grover C. Cauthen, III, and William C. Baugh, Jr., are Appellants.

(221 S. E. (2d) 526)

56

*Messrs. Jefferies, McLeod, Unger & Fraser,* of Walter-
boro, *for Appellants,*

*Messrs. Smoak, Howell, Bridge* and *Moody,* of Walter-
boro, *for Respondents,*

January 20, 1976.

GREGORY, Justice:

Respondents instituted this suit to foreclose a real estate
mortgage covering the Travelers Motel in Walterboro,
South Carolina. The sole issue before the Court is the
proper construction of a concededly ambiguous guaranty
agreement executed by appellants Cauthen and Baugh. Ap-
pellants perfected this appeal from a lower court ruling in
favor of respondents. We affirm.

John Leonardi and Mary Leonardi sold the motel property to respondents David D. Williams and Miga Williams on January 29, 1968. A portion of the purchase price was represented by a $200,000.00 note and purchase money mortgage. On August 28, 1970, David D. Williams and Miga Williams sold the motel property to Teran, Inc., which corporation assumed the payment of the note and first mortgage held by John Leonardi and Mary Leonardi. Teran, Inc. also executed a $182,250.00 note and purchase money mortgage to the respondents, David D. Williams and Miga Williams, which was a second mortgage. On June 23, 1972, Teran, Inc. sold the motel property to Travelers, Inc., which assumed the payments of the first and second mortgages held by John Leonardi and Mary Leonardi and by David D. Williams and Miga Williams respectively.

In August, 1973, Travelers, Inc. (hereinafter referred to as Travelers) was delinquent in the payments required by the second mortgage held by respondents David D. Williams and Miga Williams. The respondents advised Travelers that due to the default in payments, they had elected to foreclose on that mortgage. In an effort to induce the respondents not to foreclose on said mortgage, appellants Grover C. Cauthen, III, and William C. Baugh, Jr., being the sole stockholders of Travelers, executed their certain guaranty agreement dated August 10, 1973, as follows:

"In consideration of your reinstating the delinquent note from Teran, Inc. to you, dated August 28, 1970, in the amount of $182,250.00 with an unpaid principal balance of $159,034.17 as of May 1, 1973, that you have declared to be in default, the undersigned hereby absolutely and unconditionally guarantee to you, and to your heirs and assigns, the *due and punctual* payment (emphasis added) of the above referred to note in accordance with the terms and conditions thereof. This guarantee shall terminate when the note and mortgage given by David D. Williams and Miga Williams to John Leonardi and Mary Leonardi has been paid in full and cancelled of record, and when the above referred to note

from Teran, Inc. to you has been reduced to an unpaid principal balance of $100,000.00.''

The mortgage above referred to with an unpaid principal balance of $159,034.17 was a second mortgage held by the respondents herein. The mortgage given by David D. Williams and Miga Williams to John Leonardi and Mary Leonardi was a first mortgage.

After this agreement was executed, respondents David D. Williams and Miga Williams ceased further action on foreclosure of the mortgage held by them. Shortly thereafter, the appellants defaulted in the payments on the note and second mortgage held by respondents David D. Williams and Miga Williams as well as the payments on the note and first mortgage held by John Leonardi and Mary Leonardi. The Williamses instituted an action for foreclosure and in their Complaint sought a personal judgment against the appellants for any deficiency.

The case was referred to the Master in Equity for Colleton County who concluded that the net proceeds of the foreclosure sale be applied to the payment of the first mortgage held by John Leonardi and Mary Leonardi and then secondly, to the payment of the second mortgage held by the respondents David D. Williams and Miga Williams, and that if, after such applications, there was a deficiency due to the Williamses in excess of $100,000.00, then the respondents would have a personal judgment against appellants for the excess of the deficiency over $100,000.00.

The circuit court rejected the findings and conclusions of the Master and decreed that the agreement imposed two basic liabilities on respondents Cauthen and Baugh: (1) that they personally be responsible and guarantee the payment of the (first) mortgage held by John Leonardi and Mary Leonardi until it was paid in full and cancelled of record; (2) that they personally guarantee the payment of the second mortgage held by the Williamses (respondents herein) until it has been reduced to an unpaid

principal balance of $100,000.00. We concur with the circuit court.

There is no dispute that the agreement is ambiguous. The law is well settled that once a contract or agreement is before the court for interpretation, the main concern of the court is to give effect to the intention of the parties. When the agreement is ambiguous the court may take into consideration the circumstances surrounding its execution in determining the intent. *City of Greenville v. Washington American League Baseball Club,* 205 S. C. 495, 32 S. E. (2d) 777 (1945).

Respondents had instituted an action for foreclosure which would have resulted in the proceeds being applied first to satisfy the first mortgage and any remainder applied towards payment of the second mortgage which they held. Respondents wanted prompt foreclosure to protect their investment whereas appellants wanted to stop foreclosure in order to retrieve their investment. To induce respondents to reinstate the second loan appellants needed to offer an attractive alternative to foreclosure.

By the construction of the guaranty agreement urged by appellants the only advantage to the Williamses in reinstating the loan is to obtain the personal liability of Cauthen and Baugh, sole shareholders of Travelers, on any deficiency on the second note over $100,000.00. This limited personal liability would back up the corporate liability of Travelers on the entire second note.

By the lower court's construction, Cauthen and Baugh personally guaranteed the first mortgage and any deficiency on the second over $100,000.00. The $100,000.00 limit, by reasonable inference, would be guaranteed by the motel real estate itself.

In light of attendant circumstances, we do not think the additional security afforded by appellant's construction of the guaranty agreement would have been sufficient to induce the Williamses to stop foreclosure proceedings and re-instate

the loan. We think it was the mutual intention of the parties that appellants guarantee the mortgages for which respondents were responsible excepting $100,000.00 which could be realized from sale of the motel.

Also, looking to the language of the agreement itself, Mr. Cauthen and Mr. Baugh absolutely and unconditionally guaranteed due and punctual payment. The language "due and punctual payment", certainly, in our opinion, was intended to mean, and was the intention of the parties, that this would be a voluntary payment and not payment by a forced sale, such as a foreclosure. It is the opinion of this Court that it was the intention of the parties that payment pursuant to the terms of their personal guarantee would be made from money generated from new capital and not from the corpus of the collateral already under mortgage held by the respondents.

Appellants Cauthen and Baugh themselves executed the guaranty agreement in letter form. The rule of law is that where the contract is susceptible of more than one interpretation, a doubt shall be resolved against the party whose business it was to speak without ambiguity. *Murray v. Texas Co.,* 172 S. C. 399, 174 S. E. 231 (1934). We think it was incumbent on the authors of the agreement, Cauthen and Baugh, to make it clear. Since they did not and since the reasonable construction of the agreement in light of the attendant circumstances is that given by the lower court, we affirm.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

RHODES, J., disqualified.