22020

John R. WARNER, Jr. and Mary Ellen Warner, Respondents, v. Rod WEADER and Bob Lane Realty Corporation, Appellant.

(311 S. E. (2d) 78)

*John M. Bleecker, Jr.,* Charleston, *for appellants.*

*William L. Howard* and *Harry C. Belk,* North Charleston, *for respondents.*

Dec. 28, 1983.

NESS, Justice:

This is an appeal from a master's order granting summary judgment to respondents, John R. Warner, Jr. and Mary Ellen Warner, in an action for recovery of real estate commissions in connection with the sale of a home. Appellants, Rod Weader, and Bob Lane Realty, contend the master erred in allowing the Warners to recover the sale commission, which was held in escrow pursuant to an agreement between the parties. We agree and reverse.

In November 1978, the Warners contracted with E & F Properties, Inc. (seller) to purchase a newly constructed home located on Charing Cross Road in Charleston County. The contract called for closing on or before February 15, 1979. At closing, the Warners were to pay appellant a $4,475.00 sales commission. After executing the sales contract, the Warners also entered an exclusive listing' agreement with appellants, which gave appellants the exclusive right, for a period of 120 days, to sell their "old" home on Erskine Avenue.

The Warners were unable to close on the sale of the "new" home on February 15, 1979, as this purchase was dependent upon the receipt of funds from the sale of the "old" home, which had not been sold.

On February 7, 1979, appellants negotiated a second contract between the Warners and the seller, which increased the down payment on the "new" home, and extended the closing date to August 1, 1979.

At this time, the parties also executed an *Addendum* to the second contract, which stated in pertinent part: "... all commission from the sale of 12 Charing Cross Road shall be held in escrow by seller until 2384 Erskine Avenue is *sold and closed.* If 2384 Erskine Avenue has not been *sold* by August 1, 1979 said commission will revert to John R. Warner ..." (Emphasis added).

Appellants first argue that under the terms of the Addendum, the closing of the sale of the Erskine Avenue property (old home) was not a condition precedent to appellants receiving their commission on the sale of the Charing Cross Road property (new home). We agree.

When determining the intention of an instrument, we first look to its language. Where a contract is unambiguous, clear and explicit, it must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary, and popular sense. *Bruce v. Blalock,* 241 S. C. 155, 160, 127 S. E. (2d) 439, 442 (1962); *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980).

The Addendum unambiguously states in the first quoted sentence appellants will hold their commission in escrow until the Erskine Avenue property is sold and closed. This was done. The second quoted sentence of the Addendum states if "old" home has not been sold by August 1, 1979 the commissions would revert to the Warners. This property was "sold" on July 1, 1979, when the Warners entered a binding sales contract with a purchaser procured by another broker. *Dantzler Real Estate, Inc. v. Boland,* 276 S. C. 275, 277 S. E. (2d) 705 (1981). Accordingly, we hold that appellants are entitled to their commission.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.