1001

CAINE COMPANY, Agent, Appellant v. William T. SANDERS and Robert C. Bruner, Defendants, of whom Robert C. Bruner is Respondent.

(359 S. E. (2d) 92)

Court of Appeals

*W. B. Traxler, Sr., Michael P. Horger* and *Lewis C. Lanier,* Orangeburg, *for appellant.*

*Thomas B. Bryant, III,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for respondent.*

Heard May 18, 1987.

Decided July 27, 1987.

SHAW, Judge:

This is an action to collect additional rent under a lease of space in a shopping mall. Appellant, Caine Company, brought this action as agent of the landlord against the guarantor of the lease, respondent, Robert C. Bruner. Caine now appeals the circuit court's order in favor of Bruner. We affirm.

The facts are not in dispute. The case was submitted to the circuit court on stipulated facts. The landlord and tenant executed a lease agreement on January 1, 1976. The term of the lease was to run until December 31, 1983. The tenant closed his business and abandoned the premises on September 9, 1983.

The lease contains the following provision:

*Additional Rental.* An additional sum as additional rental equal to eight (8%) per cent of all gross sales in excess of [$145,642.50]. The base figures shall be for each twelve (12) month period and are to be prorated per diem for any period of less than twelve (12) months.

Upon vacating the premises, the tenant paid the "guaranteed minimal rental" owing under the remaining term of the lease. The tenant also paid $1,808.78 under the "Additional Rental" provision. This amount represents 8% of the gross sales for 1983 in excess of $145,642.50. Total gross sales for 1983 amounted to $168,252.31.

However, Caine argues the threshold amount of $145,642.50 should be adjusted to reflect the fact the tenant abandoned the premises before the term of the lease expired. This adjustment would lower the threshold amount to $100,202.04, thus increasing the additional rent due under the lease to $3,635.24.

We affirm the circuit court's rejection of Caine's argument on the ground the lease is ambiguous concerning proration and, as such, must be construed against the landlord, who prepared the lease.

It is clearly the law of South Carolina that an ambiguous agreement is resolved against the drafter of the agreement. *Williams v. Teran, Inc.*, 266 S. C. 55, 221 S. E. (2d) 526 (1976). An agreement capable of more than one understanding is ambiguous. *Bruce v. Blalock*, 241 S. C. 155, 127 S. E. (2d) 439 (1962).

Contrary to Caine's argument, the "Additional Rental" provision does not manifest a clear intent by the parties to prorate the threshold figure if the tenant stops doing business. Therefore, we hold the circuit court did not err in denying Caine additional rent.

We also affirm the circuit court's denial of Caine's claim for attorney's fees. The trial judge found Caine failed to prove the tenant had breached the lease and we agree.

Finally, Caine argues the trial judge erred in denying its motion to compel settlement according to an alleged settlement agreement.

The parties did conduct settlement negotiations and, apparently, at one time believed they had settled this dispute. However, it is clear from the record there was never a meeting of the minds over the exact terms.

Therefore, we hold the trial judge did not err in refusing to enforce the alleged settlement agreement.

Affirmed.

GARDNER and CURETON, JJ., concur.