THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Baird Pacific West,       
Appellant,
 
 
 

v.

 
 
 
Blue Water Sunset Park, Inc.,       
Respondent.
 
 
 

Appeal From Beaufort County
John M. Milling, Circuit Court Judge
Perry M. Buckner, Circuit Court Judge
Thomas Kemmerlin, Jr., Special Circuit 
 Court Judge

Unpublished Opinion No.2004-UP-011
Heard December 10, 2003  Filed January 
 14, 2004

AFFIRMED

 
 
 
Michael S. Seekings, of Charleston, for Appellant.
Joseph R. Baker, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  Baird Pacific West, Inc. (Baird), 
 brought this action against Blue Water Sunset Park, Inc. (Blue Water), alleging 
 breach of contract, fraud, and negligent misrepresentation in connection with 
 an agreement entered between the parties for the sale of land.  The circuit 
 court granted summary judgment in favor of Blue Water and  awarded attorney 
 fees to Blue Water.  Baird appeals, arguing (1) summary judgment was improper; 
 and (2) the award of attorney fees was improper because Blue Water failed to 
 request attorney fees in its pleadings and Blue Waters request for a hearing 
 concerning its motion for attorney fees was untimely, thus divesting the trial 
 court of subject matter jurisdiction.  We affirm.
FACTS
 In December 1996, the parties entered 
 into a contract in which Baird agreed to purchase and Blue Water agreed to sell 
 approximately eight acres of waterfront property on the north end of Hilton 
 Head Island.  The agreement set the purchase price at $1,725,000.
 The parties were unable to consummate 
 the original contract due to difficulties in obtaining approval from the state 
 environmental agency.   However, this approval was eventually obtained, and 
 in March 1998, Baird and Blue Water entered into an agreement to reinstate and 
 amend the earlier contract.  The parties agreed Baird would have until May 4, 
 1998 to conduct additional due diligence investigations.  They also agreed that 
 Baird was to waive its right to purchase an extension of the due diligence period, 
 as had been allowed under the terms of the original contract.  Baird could, 
 however, elect to withdraw from the contract at the end of the due diligence 
 period and receive a full refund of its earnest-money deposit.
Prior to the expiration of the new due 
 diligence period, Baird informed Blue Water of three problems Baird was unable 
 to resolve: a title defect, a discrepancy in the acreage of the property, and 
 an instability in some of the filled portions of the land.  Baird requested 
 an extension of the due diligence period in order to resolve these issues, and 
 if Blue Water was not amenable to that request, Baird alternatively suggested 
 they cancel the contract.  Blue Water declined to extend the due diligence review, 
 opting instead to terminate the contract.  The contract was cancelled, and Bairds 
 earnest money  was refunded. 
In March 1999, Baird brought the present 
 action, alleging Blue Water was liable to Baird for breach of contract, fraud, 
 and negligent misrepresentation due to Blue Waters inability to convey marketable 
 title to the property.  Baird also sought to recover actual and consequential 
 damages.  
Pursuant to Blue Waters motion for summary judgment, 
 the circuit court concluded there were no genuine issues of material fact and 
 found Blue Water was entitled to judgment as a matter of law on all of Bairds 
 claims in a June 15, 2001 order, reserving Blue Waters claim for attorney fees.  
 The circuit court granted Blue Water leave to move for an award of attorney 
 fees and Court costs upon thirty (30) days notice to [Baird].  Following a 
 hearing, the circuit court awarded attorney fees and costs to Blue Water in 
 an October 2001 order.  This appeal follows.
STANDARD OF REVIEW
A trial court should grant a motion for summary 
 judgment when the pleadings, depositions, answers to interrogatories, and admissions 
 on file, together with the affidavits, if any, show that there is no genuine 
 issue as to any material fact and that the moving party is entitled to a judgment 
 as a matter of law.  Rule 56(c), SCRCP; see also Fleming v. 
 Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  In determining whether 
 any triable issues of fact exist, the evidence and all inferences which can 
 be reasonably drawn from the evidence must be viewed in the light most favorable 
 to the nonmoving party.  Strother v. Lexington County Recreation Commn, 
 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).  If triable issues of fact exist, 
 those issues must go to the jury.  Young v. South Carolina Dept of Corr., 
 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999).
LAW/ANALYSIS
I.       Breach of Contract, Fraud, and Negligent 
 Misrepresentation
Bairds claims for breach of contract, 
 fraud, and negligent misrepresentation all rest upon its assertion that Blue 
 Water was not able to convey marketable title as required by the terms of the 
 contract.  We find no merit to Bairds position.
In construing the terms of a written contract 
 upon a motion for summary judgment, the question is one of law if the language 
 contained in the contract is plain and unambiguous.  MGC Mgmt. of Charleston, 
 Inc. v. Kinghorn Ins. Agency, 336 S.C. 542, 546, 520 S.E.2d 820, 822 (Ct. 
 App. 1999).  In such a case, summary judgment is proper and a trial unnecessary 
 where the intention of the parties as to the legal effect of the contract may 
 be gathered from the four corners of the instrument itself.  First Citizens 
 Bank & Trust Co. v. Conway Natl Bank, 282 S.C. 303, 305, 317 S.E.2d 
 776, 777 (Ct. App. 1984).  It is well settled that, in construing a contract, 
 the court must ascertain and give effect to the intention of the parties.  BP 
 Oil Co. v. Federated Mut. Ins. Co., Inc., 329 S.C. 631, 640, 496 S.E.2d 
 35, 40 (Ct. App. 1998) (citing D.A. Davis Constr. Co. v. Palmetto Properties, 
 Inc., 281 S.C. 415, 315 S.E.2d 370 (1984)).  When the intention of the parties 
 to a written agreement is at issue, the court must first look to the language 
 of the agreement.  C.A.N. Enterprises, Inc. v. South Carolina Health and 
 Human Servs. Fin. Commn, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988);  
 Warner v. Weader, 280 S.C. 81, 83, 311 S.E.2d 78, 79 (1983).  If the 
 agreement is unambiguous, the court must construe it according to the terms 
 the parties chose.  Id.  These terms are to be understood in their ordinary 
 and popular sense.  Id.
With respect to title, the contract in 
 the present case provided:

TITLE. Seller shall convey marketable 
 title to the property to purchaser in fee simple by proper deed in recordable 
 form with stamps affixed and with covenants of general warranty subject to normal 
 utility easements, applicable restrictive covenants, governmental regulations 
 and assessments.  If an owners title binder can be issued by an ALTA [1] title insurance company at standard rates with 
 standard exceptions for Hilton Head Island, South Carolina, title shall be deemed 
 to marketable. 

(emphasis added).
In compliance with these explicit terms, Blue Water 
 obtained and held at all pertinent times a title binder from the Chicago Title 
 Insurance Company (Chicago Title), an ATLA title insurance company.  The policy 
 was issued at standard rates with standard exceptions for Hilton Head Island. 
  We find these facts uncontroverted by the evidence contained in the 
 record.
However, Baird attempts to redirect the 
 attention of this Court from the plain language of the contract in an effort 
 to convince us Blue Water failed to honor its promise to convey marketable title.  
 We find these efforts unpersuasive.
For instance, Baird devotes substantial energies 
 to explaining why the title Blue Water was willing to convey would not be clear 
 or marketable under general principles of real property law.  While this may 
 or may not be true, it is of little concern to the present inquiry.  Where the 
 parties have freely and knowingly entered into a contract  as they did in the 
 present case  our charge is only to give effect to the parties intentions 
 as memorialized in the contract language.  We see no reason, and none is alleged, 
 why we should veer from this mandate. 
Baird also claims that it could not obtain 
 title insurance with standard rates and exceptions due to the outstanding claims 
 on the title by a third party.  This third party claim, however, was clearly 
 contemplated and fully indemnified under the policy issued by Chicago Title.  
 This fact is amply demonstrated by a letter received from the insurance companys 
 underwriting council, which confirms the insurers obligation under the policy.  
 This letter reads, in relevant part:

Since Chicago Title has an outstanding 
 Owners Policy, we would be willing to insure over this [third-party claim] 
 problem in the policies for this property.  We would prefer to take exception 
 to the problem and provide affirmative coverage over it rather than issue a 
 clean policy.  We prefer to reveal the problem and provide protection.  

However, regardless of the existence or disposition 
 of the alleged cloud on the title of the subject property, the fact remains 
 uncontroverted by the evidence in the record before us that Blue Water was able 
 at all times to provide adequate title insurance under the clear terms of the 
 contract language.
We conclude that Blue Water fully complied 
 with its obligation to convey marketable title to Baird as agreed to by the 
 parties.  Accordingly, Bairds claims  that Blue Water breached the contract 
 terms regarding title and that Blue Water fraudulently or negligently misrepresented 
 its ability to convey title  are manifestly without merit.  The circuit court 
 correctly granted summary judgment in disposing of Bairds specious claims.
II.      Attorney Fees
Baird also argues the trial court erred in awarding 
 Blue Water attorney fees.  Specifically, it asserts two procedural defects concerning 
 Blue Waters request for fees: first, that Blue Water failed to make its request 
 for attorney fees in its pleadings, and, second, that the circuit court lacked 
 subject matter jurisdiction to consider the issue of attorney fees.  We find 
 these arguments unavailing.
          A.      Request of Attorney Fees
We first find that, although Blue Water did not 
 make its request for attorney fees in its pleadings, its claim is not barred 
 under the circumstances of this case.  To be sure, the general rule is that 
 a party is entitled to seek only that relief set forth in its pleadings.  See 
 Premium Inv. Corp. v. Green, 283 S.C. 464, 474, 324 S.E.2d 72, 78 (Ct. 
 App. 1984).  In this case, however, the record reveals Blue Water raised the 
 issue of attorney fees in the affidavit accompanying its October 2000 summary 
 judgment motion.  Subsequently, during the May 2001 hearing on its motion for 
 summary judgment, Blue Water again sought the circuit courts consideration 
 of the attorney fees issue.  Baird did not object, but rather stated: I just 
 wanted to make sure that if the court takes up that issue, that I have time 
 to respond to it.  The circuit court acquiesced to Bairds request and granted 
 Blue Water leave to move for award of attorney fees upon thirty days notice 
 to Baird.
A hearing on the request for attorney 
 fees was held, during which Baird objected, for the first time, that the claim 
 was barred for failure to plead.  The trial court ruled the request was allowed 
 under Rule 15(b), SCRCP, which allows amendment of the pleadings by express 
 or implied consent of the parties.  See Rule 15(b), SCRCP (stating [w]hen 
 issues not raised by the pleadings are tried by express or implied consent of 
 the parties, they shall be treated in all respects as if they had been raised 
 in the pleadings.)  The decision to allow amendments under Rule 15(b) is entrusted 
 to the sound discretion of the trial judge, and the party opposing the amendment 
 bears the burden of establishing prejudice.  Harvey v. Strickland, 350 
 S.C. 303, 313, 566 S.E.2d 529, 535 (2002).  We are unable to discern any prejudice 
 to Baird in light of the fact that the issue of attorney fees was raised months 
 earlier.  We find the issue of attorney fees was properly before the circuit 
 court. 
B.      Subject Matter Jurisdiction [2] 
Baird argues the circuit court lacked jurisdiction 
 to entertain Blue Waters request for attorney fees.  Specifically, Baird claims 
 that Blue Water failed to seek attorney fees in a timely manner because it did 
 not file a motion within the ten-day time period prescribed by Rule 54, SCRCP.  
 The rule provides in pertinent part that a motion for costs, supported by an 
 affidavit that the costs are correct and were necessarily incurred in the action, 
 may be filed by the prevailing party within 10 days of the receipt of written 
 notice of the entry of final judgment.  Rule 54(d), SCRCP.  Additionally, Rule 
 54(b), SCRCP, partially provides:

[w]hen more than one claim for relief is presented in an action 
  the court may direct the entry of a final judgment as to one or more but fewer 
 than all of the claims  upon an express determination that there is no just 
 reason for delay and upon an express direction for the entry of judgment.  In 
 the absence of such determination and direction, any order or other form of 
 decision, however designated, which adjudicates fewer than all the claims or 
 the rights and liabilities of fewer than all of the parties shall not terminate 
 the action as to any of the claims or parties, and the order or other form of 
 decision is subject to revision at any time before the entry of judgment adjudicating 
 all the claims and the rights and liabilities of all the parties.

Here, the circuit courts order expressly recognized that 
 it reserved the matter of attorney fees for future determination.  Under these 
 circumstances, the circuit courts continuing jurisdiction was in no manner 
 contingent upon Blue Water filing an additional motion within ten days following 
 the grant of summary judgment.  Moreover, the order granting summary judgment 
 contained no Rule 54(b) express determination that there is no just reason 
 for delay of the formal entry of judgment.  Thus, since the matter of attorney 
 fees was reserved, we find that the trial courts June 15, 2001 order cannot 
 be construed as an order disposing of all claims before the circuit court.  
 Accordingly, Bairds reliance on the ten-day filing period provided in Rule 
 54(d) is misplaced, and the circuit court had subject matter jurisdiction to 
 award attorney fees and costs to Blue Water.
AFFIRMED.
HEARN, C.J., HOWARD and KITTREDGE, JJ., concur.

 
 
 [1]    American Land Title Association.

 
 [2]   Blue Water argues that the issue 
 of subject matter jurisdiction is not properly before this court because Baird 
 raised it neither in the circuit court nor in its brief.  It is true that, 
 [a]s a general rule, an issue may not be raised for the first time on appeal.  
 McKissick v. J.F. Cleckly & Co., 325 S.C. 327, 343, 479 S.E.2d 
 67, 75 (Ct. App. 1997).  However, issues related to subject matter jurisdiction 
 may be raised at any time.  Bunkum v. Manor Properties, 321 S.C. 95, 
 100, 467 S.E.2d 758, 761 (Ct. App. 1996).  Thus, we find that the issue of 
 subject matter jurisdiction is properly before this court.