611 S.E.2d 319

**NATIONWIDE MUTUAL INSURANCE CO., Respondent,**

v.

**Kimberly ERWOOD, Appellant.**

**No. 3954.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2004.
Decided Feb. 28, 2005.
Rehearing Denied April 22, 2005.

2

James C. Cothran, Jr. and Thomas Barksdale Cabler, both of Spartanburg, for Appellant.

J.R. Murphy and Adam J. Neil, both of Columbia, for Respondent.

BEATTY, J.:

Kimberly Erwood appeals the circuit court's order granting summary judgment in favor of Nationwide Mutual Insurance Company (Nationwide). She contends the court erred in holding that the applicable statute and policy provision precluded her from recovering uninsured motorist benefits. We reverse.[1]

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

The parties stipulated to the essential facts. An accident occurred while Erwood was a passenger on a motorcycle owned and operated by her husband. Erwood sustained injuries in the accident, but the motorcycle was not covered under any insurance policy. However, at the time of the accident, Erwood maintained a Nationwide insurance policy on a non-involved automobile that provided uninsured motorist (UM) coverage in the amount of $15,000 per person.

Erwood demanded coverage under the Nationwide policy. Nationwide denied the claim and asserted that UM or under-insured motorist coverage (UIM) coverage did not extend to a person involved in an accident while occupying a vehicle that did not have UM or UIM coverage. Nationwide relied on the following policy provision in denying coverage:

3. If a vehicle owned by you or a relative is involved in an accident where you or a relative sustains bodily injury or property damage, this policy shall:

   a) be primary if the involved vehicle is your auto described on this policy; or

   b) be excess if the involved vehicle is not your auto described on this policy. The amount of coverage applicable under this policy shall be the lesser of the coverage limits under the policy or the coverage limits on the vehicle involved in the accident.

Nationwide contended this provision only allows an insured to collect available UM or UIM benefits under a policy on a non-involved vehicle in an amount up to the UM or UIM coverage on the vehicle involved in the accident. Therefore, Nationwide sought a declaratory judgment that the insurance policy on the non-involved automobile did not provide Erwood with UM or UIM coverage for the injuries sustained in the motorcycle accident. By answer and counterclaim, Erwood sought a declaratory judgment that she was entitled to collect UM or UIM benefits under the policy on the non-involved vehicle. Thereafter, both parties moved for summary judgment. The circuit court granted summary judgment in favor of Nationwide and denied summary judgment to Erwood. Erwood appeals.

## STANDARD OF REVIEW

■ "When reviewing a dismissal of an action under Rule 56, SCRCP, an appellate court applies the same standard of review implemented by the trial court." *Gilbert v. Miller,* 356 S.C. 25, 28, 586 S.E.2d 861, 863 (Ct.App.2003). "Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Cunningham ex rel. Grice v. Helping Hands, Inc.,* 352 S.C. 485, 491, 575 S.E.2d 549, 552 (2003); Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Props. v. City of Sumter,* 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000). In such cases, we are not required to defer to the trial courts legal conclusions. *J.K. Constr., Inc. v. W. Carolina Regl. Sewer Auth.,* 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999).

## DISCUSSION

### I.

Erwood argues the circuit court erred in finding section 38–77–160 of the South Carolina Code of Laws does not require Nationwide to provide UM coverage in the basic limits under a policy maintained on a vehicle not involved in the accident. We agree.

### A.

In *Burgess v. Nationwide Mutual Insurance Company,* 361 S.C. 196, 603 S.E.2d 861 (Ct.App.2004), *cert. pending,* this court recently addressed the proper interpretation of section 38–77–160 in relation to UIM coverage.[2] Section 38–77–160 provides in relevant part: "If, however, an insured or named insured is protected by uninsured or underinsured motorist

---

2. We note the circuit court judge did not have the benefit of this opinion at the time he issued his decision.

coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident." S.C.Code Ann. § 38–77–160 (2002).

Burgess was involved in an accident while operating his motorcycle. He collected liability benefits from the at-fault driver. *Id.* at 199, 603 S.E.2d at 863. Although he did not have UIM coverage on the motorcycle involved in the accident, he owned three other vehicles covered by a Nationwide policy that provided UIM coverage of $25,000. The policy contained the exact provision at issue in the instant case, which states, in pertinent part: "[t]he amount of coverage applicable under this policy shall be the lesser of the coverage limits under this policy or the coverage limits on the vehicle involved in the accident." *Id.* Burgess demanded payment from Nationwide. Nationwide refused to pay Burgess, arguing that Burgess had not purchased UIM coverage for the motorcycle, and the policy provision precluded coverage. *Id.*

*Burgess* afforded this court the opportunity to decide the novel issue of whether section 38–77–160 permits an insured who purchases UIM benefits under a policy covering vehicles which are not involved in the accident to recover basic UIM benefits under those policies. *Burgess,* 361 S.C. at 202, 603 S.E.2d at 865. In *Burgess,* we noted that our supreme court has addressed the public policy reasons for affording UM coverage to insured individuals in the following passage:

> "[U]ninsured motorist coverage is not to provide coverage for the uninsured vehicle but to afford additional protection to the insured." *Nationwide Mut. Ins. Co. v. Howard,* 288 S.C. 5, 12, 339 S.E.2d 501, 504 (citing *Hogan v. Home Ins. Co.,* 260 S.C. 157, 162, 194 S.E.2d 890, 892 (1973)). The court further clarified in *Hogan* that "unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time. Such coverage is nowhere limited in the statute to the use of the insured vehicle." *Hogan,* 260 S.C. at 162, 194 S.E.2d at 892.

*Id.* at 201–02, 603 S.E.2d at 864. Because UIM coverage is a variation of UM coverage, we found the legislative intent behind UM coverage was applicable to UIM coverage. Therefore, we held that section 38–77–160 does not allow the exclusion or restriction of basic UIM coverage, and UIM coverage is personal and portable. *Id.* at 202, 603 S.E.2d at 865. In other words, "where the coverage follows the person any person who enjoys the status of an insured under a motor vehicle policy of insurance which includes uninsured/underinsured coverage enjoys coverage protection simply by reason of having been injured by an uninsured/underinsured motorist." *Id.* at 202, 603 S.E.2d at 865 (citing 9 Lee R. Russ Thomas F. Segalla, *Couch on Insurance* 123:3 (3d ed. 2004)).

Given section 38–77–160 applies to both UM and UIM coverage, and the legislative intent applies to both types of coverage, we find UM coverage is personal and portable and basic UM coverage cannot be excluded or restricted. Therefore, Erwood, as an insured, is entitled to receive UM benefits in the basic limits from the Nationwide policy she maintained on the non-involved automobile.

## B.

Erwood next argues the circuit court erred in finding that Nationwide's policy endorsement precluded her claim for UM benefits. We agree.

In *Burgess,* we held the policy provision limiting UIM coverage to the lesser of the coverage limits under the policy or the coverage limits on the vehicle involved in the accident exceeds the limitations allowed by section 38–77–160 and is therefore inconsistent with public policy and void. *Burgess,* 361 S.C. at 206, 603 S.E.2d at 867. The policy provision at issue here contains the exact language as the endorsement discussed in *Burgess.* In view of our finding that UM coverage, like UIM coverage, follows the person and not the vehicle, we conclude the policy provision is void and without effect. Thus, Erwood is not precluded from receiving UM benefits by the policy provision in the insurance contract.

## CONCLUSION

The circuit court erred when it found Erwood was not entitled to recover UM benefits under the policy she main-

tained on the non-involved vehicle. Because we find UM coverage is both personal and portable, and because Nation-wide's policy provision is more restrictive than section 38–77–160, the order of the circuit court is

**REVERSED.**

HUFF and KITTREDGE, JJ., concur.