644 S.E.2d 62

**NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**Kimberly ERWOOD, Respondent.**

**No. 26305.**

Supreme Court of South Carolina.

Heard Nov. 14, 2006.

Decided April 9, 2007.

J.R. Murphy and Adam J. Neil, both of Murphy & Grantland, of Columbia, for Petitioner.

James C. Cothran, Jr. and Thomas Barksdale Cabler, both of Spartanburg, for Respondent.

Justice PLEICONES.

We granted certiorari to review a decision of the Court of Appeals holding invalid, as against public policy, a provision in an automobile insurance policy purporting to limit the portability of basic uninsured motorist (UM) coverage. *Nationwide Mut. Ins. Co. v. Erwood,* 364 S.C. 1, 611 S.E.2d 319 (Ct.App. 2005). We affirm.

## FACTS

Erwood was a passenger on an uninsured motorcycle owned and driven by her husband when he had an accident. Erwood's husband was at-fault in the accident. Erwood owned an automobile insured by Nationwide under a policy providing $15,000 in UM coverage. She sought to recover under the UM provision of her Nationwide policy, but Nationwide denied her claim.

Nationwide brought this declaratory judgment action, and the circuit court granted it summary judgment. On appeal, the Court of Appeals reversed, citing *Burgess v. Nationwide Mut. Ins. Co.,* 361 S.C. 196, 603 S.E.2d 861 (Ct.App.2004) *reversed* Op. No. 26304 (S.C. Sup.Ct. filed April 9, 2007). Although we do not find *Burgess,* which concerned a policy limitation on the portability of underinsured (UIM) coverage, controls this case, we affirm the result reached by the Court of Appeals here.

## ISSUE

Whether an automobile insurance policy limiting basic UM coverage is void as against public policy?

## ANALYSIS

Erwood was injured while a passenger on an uninsured motorcycle owned by her spouse. Nationwide relied upon this policy provision to deny Erwood's claim:

3. If a vehicle **owned by you or a relative** is involved in an accident where you or a relative sustains bodily injury or property damage, this policy shall:

a) be primary if the involved vehicle is your auto described on this policy; or

b) be ·**excess** if the involved vehicle **is not your auto described on this policy.** The amount of coverage applicable under this policy **shall be the lesser of the coverage limits under this policy or the coverage limits on the vehicle involved in the accident.**

(emphasis supplied).

■ The Court of Appeals held, as it had in *Burgess,* that UM coverage is "personal and portable," that is, it follows the insured and not the vehicle. We agree. *See e.g., Hogan v. Home Ins. Co.,* 260 S.C. 157, 162, 194 S.E.2d 890, 892 (1973) ("unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time. Such coverage is nowhere limited by the statute to the use of the insured vehicle").

■ The court also held that S.C.Code Ann. § 38–77–160 (2002) does not permit an automobile insurance company to exclude or restrict basic UM coverage. Unlike the Court of Appeals, however, we conclude that the controlling statute is not § 38–77–160, which covers stacking claims,[1] but rather the statute referred to in *Hogan,* which is now found at S.C.Code Ann. § 38–77–150 (Supp.2002). Section 38–77–150 mandates UM coverage in all automobile insurance policies. We find that the mandatory nature of this coverage distinguishes it from the voluntary UIM coverage at issue in *Burgess,* and that public policy requires that basic UM coverage be afforded to Erwood even when she is a passenger on her spouse's uninsured motorcycle.[2] *Compare State Farm Mut. Auto. Ins. Co. v. Calcutt,* 340 S.C. 231, 530 S.E.2d 896 (Ct.App.2000) (insurance policy endorsement providing for set-off of worker's

---

1. Since Erwood is not seeking to stack insurance coverage, we are not concerned by her status as a Class I insured.

2. We do not decide whether basic UM coverage is universal, such that the owner of an uninsured vehicle involved in the accident would be entitled to basic UM coverage from an at-home vehicle. We are troubled by the thought that a person operating a vehicle without insurance in violation of the Motor Vehicle Financial Responsibility Act would be allowed to collect benefits from the insurer of another of the owner/operator's vehicles.

compensation benefits for UIM valid where UM set-off is not, because UIM coverage is voluntary).

## CONCLUSION

We affirm, as modified, the Court of Appeals' decision holding that Erwood is entitled to collect basic UM benefits under her Nationwide policy.

Affirmed as Modified.

MOORE and WALLER, JJ., concur. TOAL, C.J., and BURNETT, J., dissenting in separate opinions.

Chief Justice TOAL:

I respectfully dissent. I would hold that uninsured motorist coverage is not "portable" for a party who is injured while operating or while a passenger of a vehicle of which the party would be an insured had he or she purchased insurance coverage.

Just as it does in the context of underinsured motorist coverage, S.C.Code Ann. § 38-77-160 (2002) contains a limitation on just how "personal and portable" uninsured motorist coverage can be. We recognized this limitation and made good use of it in deciding that an insured may not apply underinsured coverage from an insurance policy covering one vehicle to a separate policy, covering a separate vehicle, under which the insured declined the insurance company's offer of such coverage. *See Burgess v. Nationwide Mut. Ins. Co.*, Op. No. 26304 (S.C. Sup.Ct. filed April 9, 2007). In reaching that decision, we noted that "[u]pholding this limit on portability encourages persons to purchase UIM insurance on all their vehicles." *Id.* Because this situation is no different, and because the public policy concerns are identical, I see no need to retreat from that holding in the instant case.[3]

I think the majority rightly expresses concern at the thought that under similar logic to that used in the court of appeals' decision, an owner of an uninsured vehicle involved in

---

**3.** In reaching this conclusion, I note that S.C.Code Ann. § 38-77-30(7) (2002) defines an insured as both the named insured and, if a resident of the same household, the spouse of the named insured.

an accident could be entitled to use uninsured motorist coverage from a separate vehicle to recover for his or her injuries. Undeniably, this result would be absurd. Instead, the owner of multiple vehicles who chooses to insure only one with uninsured and underinsured motorist coverage ought to be precluded from recovering basic UM and UIM limits on any of his or her vehicles for which he or she has not purchased this coverage. In my view, this is the precise concern that drove us to hold as we did in *Burgess,* and by holding as the majority does in the instant case, we chip away at that foundation.

Although I appreciate the view expressed by my brother Justice Burnett in dissent, I believe it is far too late in the day to argue that the language of an insurance contract is the end of the inquiry in these cases. *See Charleston County Sch. Dist. v. State Budget & Control Bd.,* 313 S.C. 1, 6, 437 S.E.2d 6, 8 (1993) (noting that statutory provisions relating to insurance contracts have long been held by this Court to be part of these contracts). Because the court of appeals found a provision of the contract in the instant case was contrary to public policy and therefore void, we must necessarily proceed beyond the terms of the contract in our analysis.

For the reasons I have outlined, I would reverse the court of appeals' decision and find that Respondent is not entitled to basic uninsured motorist coverage from her automobile insured by Nationwide.

BURNETT, J.:

I respectfully dissent. In my opinion, it is unnecessary to address either S.C.Code Ann. § 38–77–160 (2002) or the personal and portable nature of UM coverage for the language of the insurance contract itself provides no coverage for Erwood.

The construction of an agreement is a matter of contract law. *McDuffie v. McDuffie,* 313 S.C. 397, 399, 438 S.E.2d 239, 241 (1993). The primary objective in construing a contract is to ascertain and give effect to the intention of the parties. *Williams v. Teran, Inc.,* 266 S.C. 55, 59, 221 S.E.2d 526, 528 (1976). The Court must first look at the language of the contract in order to determine the intention of the parties. *Superior Auto. Ins. Co. v. Maners,* 261 S.C. 257, 263, 199

S.E.2d 719, 722 (1973). If its language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and the contract's language determines the instrument's force and effect. *Blakeley v. Rabon,* 266 S.C. 68, 72, 221 S.E.2d 767, 769 (1976).

"When a contract is unambiguous, clear and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary and popular sense." *C.A.N. Enter., Inc. v. South Carolina Health and Human Serv. Fin. Comm'n,* 296 S.C. 373, 377–378, 373 S.E.2d 584, 586 (1988) (quoting *Warner v. Weader,* 280 S.C. 81, 83, 311 S.E.2d 78, 79 (1983)). "[I]t is not the function of this Court to rewrite it or torture the meaning of a policy to extend coverage never intended by the parties." *Torrington Co. v. Aetna Cas. & Sur. Co.,* 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975).

Erwood entered into an insurance contract with Nationwide. The insurance contract applied to any vehicle owned by her or her relative and contemplated the involvement or ownership of an uninsured vehicle. As noted by the majority, the pertinent portion of Erwood's insurance contract states:

3.  If a vehicle owned by you or a relative is involved in an accident where you or a relative sustains bodily injury or property damage, this policy shall:

a)  be primary if the involved vehicle is your auto described on this policy; or

b)  be excess if the involved vehicle is not your auto described on this policy. The amount of coverage applicable under this policy shall be the lesser of the coverage limits under this policy or the coverage limits on the vehicle involved in the accident.

Subsection (a) of the policy is inapplicable because the involved vehicle was uninsured. Subsection (b), therefore, applies to limit the amount of coverage available. The amount of coverage applicable under subsection (b) is the lesser of coverage limits under Erwood's policy or the coverage limits on the vehicle involved in the accident. The vehicle involved in the accident was uninsured. Thus, the clear and unambiguous language of this provision does not provide any coverage for Erwood. When the language of a policy is "plain, unam-

biguous, and capable of only one reasonable interpretation," it must be given full force and effect. *See Blakeley*, 266 S.C. at 72, 221 S.E.2d at 769. Accordingly, I would reverse the decision of the Court of Appeals.