# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

United Services Automobile Association, Respondent,

v.

Belinda Pickens, Appellant.

Appellate Case No. 2020-000439

———————

Appeal from Richland County
Robert E. Hood, Circuit Court Judge

———————

Opinion No. 28050
Heard May 25, 2021 – Filed August 11, 2021

———————

## AFFIRMED

———————

Richard C. Alexander and Terence Covington Wise, both
of Shelly Leeke Law Firm, LLC, of North Charleston, and
Thomas J. Rode, of Thurmond Kirchner & Timbes, PA, of
Charleston, for Appellant.

John Robert Murphy and Wesley Brian Sawyer, both of
Murphy & Grantland, PA, of Columbia for Respondent.

———————

**JUSTICE HEARN:** This case requires us to determine whether Section 38-77-340
of the South Carolina Code (2015) permits a named driver exclusion that precludes
uninsured motorist (UM) coverage to a passenger injured in an accident involving
an unknown driver. We hold that it does.

## FACTS

After sustaining injuries in a vehicle driven by her son, Kevin Simms,

Appellant Belinda Pickens sought UM coverage through her policy with Respondent United Services Automobile Association (USAA). At the time of the accident, Pickens's policy covered five vehicles, including the 1997 Chevrolet involved in the accident. The policy included liability, personal injury protection (PIP), UM, and underinsured motorist (UIM) coverage.[1] Pickens also executed a named driver exclusion titled, "VOIDING AUTOMOBILE INSURANCE WHILE NAMED PERSON IS OPERATING CAR."

The named driver exclusion stated in part:

> In consideration of the continuation of this policy in force by the Company at the rate applicable because of this endorsement, it is hereby agreed that with respect to such insurance as is afforded under this policy, including any obligation to defend, the Company shall not be liable for damages, losses or claims arising out of the operation or use of the automobile described in the policy or any other automobile to which the terms of the policy are extended, whether or not such operation or use was with the express or implied permission of its owner, while said automobile is being driven or operated by the following named person:
>
> KEVIN S. PICKENS[2]

Pickens signed and dated the exclusion and indicated Simms had obtained his own policy of insurance. Pickens's declarations page also contained a provision that stated, "***COVERAGES EXCLUDED WHEN ANY VEHICLE OPERATED BY KEVIN SIMMS***."

USAA denied Pickens's claim and initiated a declaratory judgment action asserting she was not entitled to UM coverage because Simms, the excluded driver, was operating the vehicle at the time of the accident. Both parties filed motions for summary judgment. Pickens asserted that section 38-77-340 applied solely to liability insurance. USAA argued the endorsement excluding all forms of coverage

---

[1] Coverage included limits of $100,000 per person for bodily injury, $200,000 per accident for bodily injury, and $50,000 per accident for property damage for liability, UM, and UIM coverage.

[2] The parties agree they intended to list Kevin Simms as the excluded driver.

was expressly authorized by section 38-77-340, and to allow Pickens to recover UM in this case would create a "perverse incentive" for policyholders to exclude all members of their households.[3]

After a hearing on the cross-motions for summary judgment, the circuit court granted USAA's motion and denied Pickens's. Citing the court of appeals' decision in *Nationwide Insurance Co. of America v. Knight*, 428 S.C. 451, 835 S.E.2d 538 (Ct. App. 2019), *aff'd*, Op. No. 28028 (S.C. Sup. Ct. filed May 12, 2021) (Shearouse Adv. Sh. No. 16), the circuit court held the excluded driver endorsement was not limited to liability coverage, but also applied to UM coverage, particularly given that UM was not sold as standalone coverage. The circuit court further held that to permit Pickens to recover UM limits after having signed an exclusion naming Simms as an excluded driver would violate public policy. Lastly, the circuit court found *Knight* was applicable, and section 38-77-340 permitted the exclusion of UM coverage. Pickens appealed to the court of appeals, and this Court certified the case for its review pursuant to Rule 204(b), SCACR.

## ISSUE

Did the circuit court err by interpreting section 38-77-340 to exclude Pickens's claim for uninsured motorist coverage as a matter of law?

## STANDARD OF REVIEW

When parties file cross-motions for summary judgment, the issue is decided as a matter of law. *Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 265, 831 S.E.2d 406, 408 (2019) (citing *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011)). "Further, the interpretation of a statute is a question of law, which we review de novo." *Neumayer*, 427 S.C. at 265, 831 S.E.2d at 408 (citing *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008)).

## DISCUSSION

Pickens argues section 38-77-340 applies only to liability coverage, and any

---

[3] The parties also entered into a stipulation and agreement, noting, *inter alia*, the exclusion form should have listed Kevin Simms rather than Kevin Pickens as Pickens's excluded resident relative, Pickens was a passenger in her 1997 Chevrolet covered by her policy, and Simms was operating the vehicle at the time Pickens was injured.

exclusion permitted by the statute excludes coverage in relation to the named driver and not the policyholder.[4] USAA contends section 38-77-340 allows exclusions on all forms of coverage under a liability policy, including UM coverage. Further, USAA asserts the exclusion voids all coverage while the named driver operates the covered vehicle. We agree with USAA.

Section 38-77-340, titled "Agreement to exclude designated natural person from coverage," states in full:

> Notwithstanding the definition of "insured" in Section 38-77-30, the insurer and any named insured must, by the terms of a written amendatory endorsement, the form of which has been approved by the director or his designee, agree that coverage under such a policy of liability insurance shall not apply while the motor vehicle is being operated by a natural person designated by name. The agreement, when signed by the named insured, is binding upon every insured to whom the policy applies and any substitution or renewal of it. However, no natural person may be excluded unless the named insured declares in the agreement that (1) the driver's license of the excluded person has been turned in to the Department of Motor Vehicles or (2) an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded.

S.C. Code Ann. § 38-77-340 (2015).

In *Knight*, this Court held section 38-77-340 did not prohibit the exclusion of UIM coverage. Op. No. 28028 (S.C. Sup. Ct. filed May 12, 2021) (Shearouse Adv.

---

[4] Pickens also asserts the policy language of the exclusion refers to only liability coverage. USAA contends that argument is unpreserved. While it is arguable whether Pickens actually raised this argument during the hearing before the circuit court, it is clear the court did not rule on the policy exclusion's language. Accordingly, because Pickens did not file a Rule 59(e), SCRCP motion, it is unpreserved. *I'On, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appeal review . . . . Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.").

Sh. No. 16 at 20). There, Knight, individually and as representative of her deceased husband's estate, attempted to recover UIM limits under her policy through Nationwide. *Id.* at 20-21. However, Knight had executed an exclusion naming her husband as an excluded driver and providing "all coverages in your policy are not in effect while Danny Knight is operating any motor vehicle." *Id.* at 20. When Knight's husband died in a motorcycle accident, she attempted to recover UIM coverage under her insurance policy, but Nationwide denied the claim, relying on the named driver exclusion. *Id.* at 20-21. Knight argued the General Assembly intended that section 38-77-340 allow exclusions for *only* liability coverage, not UIM. *Id.* at 26. This Court disagreed, noting that freedom of contract affords parties the ability to enter into such exclusions, and section 38-77-340 permits the exclusion of UIM coverage. *Id*. at 26-27.

Like Knight, Pickens entered into an agreement with USAA naming Simms as an excluded driver. Pickens also verified that Simms had sufficient coverage under his own, separate policy as required by statute. *See* S.C. Code Ann. §§ 38-77-140, -150 (2015). We hold the reasoning expressed in *Knight* applies equally here: where the parties agree to exclude coverage when a named driver is operating a vehicle, that exclusion extends to all forms of coverage in the policy. The exclusion at issue specifically applies to "such insurance as is afforded under this policy," and provides that USAA will not be liable when Simms is operating a vehicle described in the policy. Accordingly, USAA's denial of UM coverage to Pickens did not violate section 38-77-340.

We recognize that subsection 38-77-150(A) requires all insurance policies to include UM coverage: "No automobile insurance policy or contract may be issued or delivered unless it contains a provision by endorsement or otherwise, herein referred to as the uninsured motorist provision, undertaking to pay the insured all sums which he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which may be no less than the requirements of Section 38-77-140." S.C. Code Ann. § 38-77-150(A) (2015). However, excluding a named driver from all forms of coverage—even mandatory coverage—is permitted by section 38-77-340 and therefore does not violate section 38-77-150. Indeed, liability coverage is also mandatory, and Pickens does not suggest that it cannot be excluded under section 38-77-340.

Pickens also argues that to allow USAA to exclude UM coverage here defeats the purpose of UM, particularly if the uninsured motorist at fault in this case was an

unknown driver rather than Simms.[5]   We believe section 38-77-340 expressly answers that argument by stating: "The agreement, when signed by the named insured, *is binding upon every insured to whom the policy applies* and any substitution or renewal of it."  S.C. Code Ann. § 38-77-340 (2015) (emphasis added). Ultimately, under this outcome, the statute's purposes—providing the named insured the opportunity to pay lower premiums when a bad driver would otherwise be included within the policy and protecting the motoring public by requiring the excluded driver to either surrender his driver's license or be insured under his own policy—are accomplished.  *See Nationwide v. Knight*, Op. No. 28028 (S.C. Sup. Ct. filed May 12, 2021) (Shearouse Adv. Sh. No. 16 at 25-26); *Lincoln Gen. Ins. Co. v. Progressive N. Ins. Co.*, 406 S.C. 534, 541, 753 S.E.2d 437, 441 (Ct. App. 2013) (citing *Lovette*, 274 S.C. at 600, 266 S.E.2d at 783).  As the circuit court noted, no liability coverage would have been afforded to a third party had Simms been at fault, and thus, it would violate public policy to allow Pickens to recover UM when she was the person who executed the exclusion yet knowingly allowed Simms to drive her vehicle.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court.

---

[5] Pickens relies on the Court's holdings in *Nationwide Mutual Insurance Co. v. Erwood* and *Unisun Insurance Co. v. Schmidt* for the proposition that UM is personal and portable, and coverage should be evaluated from Pickens's perspective rather than be dependent on whether Simms was insured.  *Erwood*, 373 S.C. 88, 644 S.E.2d 62 (2007); *Schmidt*, 339 S.C. 362, 529 S.E.2d 280 (2000).  Although those cases hold that a policyholder's UM coverage could not be limited simply because she was a passenger on her husband's motorcycle—a vehicle not covered under her policy— when she was injured (*Erwood*, 373 S.C. at 90-92, 644 S.E.2d at 63-64) and that a permissive passenger could not lose her status as an insured for purposes of UM coverage when a non-permissive driver was behind the wheel (*Schmidt*, 339 S.C. at 368, 529 S.E.2d at 283), those cases did not involve an agreed-upon named driver exclusion and are therefore inapposite.  Similarly, while Pickens insists this Court's decision in *Lovette* stands for the proposition that the named driver statute is intended to apply to those other than the named insured, that case is distinguishable because the policyholder listed himself as the excluded driver, and the Court held insurance would never have existed under the driver's own policy.  *Lovette v. U.S. Fidelity & Guar. Co.*, 274 S.C. 597, 600-01, 266 S.E.2d 782, 784 (1980).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur.**