# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nathan Bluestein, Ettaleah Bluestein, M.D., Theodore Albenesius and Karen Albenesius, Petitioners,

v.

Town of Sullivan's Island and Sullivan's Island Town Council, Respondents.

Appellate Case No. 2018-001888

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Opinion No. 27947
Heard November 21, 2019 – Filed February 19, 2020

---

## REVERSED AND REMANDED

---

Robert H. Hood, James B. Hood, and Deborah H. Sheffield, all of Hood Law Firm, LLC, of Charleston, for Petitioners.

Derk Van Raalte and J. Brady Hair, both of the Law Offices of J. Brady Hair, of North Charleston, for Respondents.

---

**ACTING CHIEF JUSTICE KITTREDGE:**  We granted a writ of certiorari to review the court of appeals' decision in *Bluestein v. Town of Sullivan's Island*, 424 S.C. 362, 818 S.E.2d 239 (Ct. App. 2018).   The court of appeals affirmed the trial court's entry of summary judgment for the Town of Sullivan's Island and the Sullivan's Island Town Council (collectively, the Town).  We reverse and remand to the trial court.

This case concerns accreting land along the South Carolina coast that is owned by the Town.  Petitioners Nathan and Ettaleah Bluestein and Theodore and Karen Albenesius (collectively, Petitioners) bought property in the Town that abuts the accreting land.  Petitioners' properties were once considered oceanfront lots only a short distance from the beach, but due to accretion, the properties are now a substantial distance (perhaps 500 feet or more) from the shoreline.  The accreting land is subject to a 1991 deed, which sets forth certain rights and responsibilities respecting the condition of the property and the Town's duties concerning upkeep of the land.  Petitioners are third party beneficiaries of the 1991 deed.

Petitioners argued the 1991 deed mandated the Town keep the vegetation on the land in the same condition as existed in 1991, particularly as to the height of shrubs and vegetation.  Conversely, the Town contended the 1991 deed granted it unfettered discretion to allow unchecked growth of the vegetation on the accreting land.  The parties have cherrypicked language from the 1991 deed which ostensibly supports their respective interpretations of the deed.  Contrary to the holding of the court of appeals and the trial court's findings, the deed is far from unambiguous; because the 1991 deed is ambiguous in terms of the Town's maintenance responsibilities, the court of appeals erred in affirming the entry of summary judgment for the Town.  As a result, we remand this case to the trial court for further proceedings.

## I.

The Bluesteins and the Albenesiuses each separately bought front row property on Sullivan's Island, a barrier island off the coast of South Carolina.[1]  The Town

---

[1] The Bluesteins purchased front row property located on Atlantic Avenue around 1980.  The Albenesiuses purchased front row property located on Atlantic Avenue in 2009.  It appears the Albenesiuses have sold their property since filing this lawsuit.

owned (and still owns) the land between Petitioners' properties and the Atlantic Ocean.  That land continues to grow each year through sediment transport, a process known as accretion.[2]

Beginning in the mid-1980s, the Town expressed concern about the future of the accreting land. Other coastal towns in South Carolina had chosen to develop their own accreting land, and, according to the Town, that development had a negative impact on the communities involved.  As a result, the Town explored options for protecting the accreting land from development.

In 1991, in the aftermath of the damage wrought by Hurricane Hugo, the Town worked with Lowcountry Open Land Trust (LOLT)—a non-profit organization whose purpose was to conserve and preserve natural areas—to protect the accreting land.  Ultimately, the Town and LOLT entered into an agreement, in which the Town deeded the accreting land to LOLT, and LOLT then transferred the land back to the Town subject to a number of deed restrictions.  At the time the 1991 deed was executed, the vegetation on the accreting land was no taller than three feet, consisting mostly of sea oats and wild flowers.  In contrast, in certain areas along the coastline today, including in front of Petitioners' properties, the accreting land is now thickly wooded, creating a habitat for coyotes and other varmints.

The dispute in this case revolves around the language and intent of the 1991 deed restrictions, specifically the responsibility of the Town to maintain the accreting land.  The parties construe the Town's rights and obligations under the 1991 deed differently.  In granting summary judgment, the trial court effectively agreed with the Town's interpretation that the 1991 deed gives the Town complete discretion to allow the vegetation on the accreting land to grow unchecked.  The court of appeals affirmed.

## II.

"When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Turner v. Milliman*, 392 S.C. 116, 121–22, 708 S.E.2d 766, 769 (2011).  "Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery

---

[2] According to the record, the land accretes at a rate of approximately seventeen feet per year.

on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id*. at 122, 708 S.E.2d at 769. "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Id*. (citation omitted).

"It is a question of law for the court whether the language of a contract is ambiguous." *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302–03 (2001). "A [deed] is ambiguous when the terms of the [deed] are reasonably susceptible of more than one interpretation." *Id*. at 623, 550 S.E.2d at 302.

"In construing a deed, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy." *K & A Acquis. Grp., L.L.C. v. Island Pointe, L.L.C.*, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009) (internal quotation marks and citations omitted). "In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law." *Id*. (citation omitted). "When the [deed] is ambiguous the court may take into consideration the circumstances surrounding its execution in determining the intent." *Williams v. Teran, Inc.*, 266 S.C. 55, 59, 221 S.E.2d 526, 528 (1976).

### III.

Petitioners argue the 1991 deed requires the Town to keep the accreting land in the same condition as existed in 1991, in the aftermath of Hurricane Hugo. It appears Petitioners' main complaint is the unchecked growth of trees and vegetation that has fostered the influx of coyotes and has blocked the oceanfront views they once enjoyed. In support of their interpretation of the deed, Petitioners focus on the purpose of the agreement, which was to preserve the accreting land "in its present state [in 1991] as a natural area which has not been subject to development or exploitation." To establish the condition of the property at the time the deed was executed in 1991, the deed references an aerial photograph of the accreting land. The deed further references photographs and other documentation, which the Town and LOLT deemed "sufficient to establish the condition of the [accreting land] as of the date" the deed was executed.

In contrast, the Town argues the 1991 deed grants it "unrestricted authority" to trim or not trim the vegetation on the accreting land. In essence, the Town posits that the 1991 deed grants it unfettered discretion to allow the vegetation on the accreting land to grow completely unchecked.

Both parties' interpretations are based on the premise that the 1991 deed is unambiguous.  However, these two interpretations lead to very different results.  While we acknowledge that both parties make compelling arguments when they are allowed to isolate deed provisions that support their respective positions, the 1991 deed, when read in its entirety, is not a model of clarity.

On one hand, the 1991 deed has no language limiting the height of trees and shrubs to a maximum of three feet, which is a central feature of Petitioners' case.  Similarly, the deed language setting forth the purpose of retaining the land in its "natural" condition in no manner mandates that the types and amounts of vegetation and growth be frozen in time as existed in 1991.

On the other hand, the Town's "unrestricted authority" argument is far from dispositive, for that seemingly wide discretion is confined to "trim[ming] and control[ling] the growth of vegetation for the purposes of mosquito control, scenic enhancement, public and emergency access to the Atlantic Ocean and providing views of the ocean and beaches to its citizens."

In sum, the 1991 deed is ambiguous in terms of the Town's maintenance responsibilities towards the accreting land.  Based on the current record and limiting our analysis to the four corners of the 1991 deed, this dispute may not be resolved as a matter of law.  Genuine issues of material fact exist, precluding summary judgment.  Accordingly, we reverse the grant of summary judgment to the Town and remand to the trial court for further proceedings.

**REVERSED AND REMANDED.**


**HEARN, FEW, JAMES, JJ., and Acting Justice Stephanie Pendarvis McDonald, concur.**